FILED
United States Court of Appeals
Tenth Circuit

April 28, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

ALFREDO NAVARRO-FLORES, also known as Miguel,

        Defendant - Appellant.

No. 10-8042

(D. Wyoming)

(D.C. No. 2:09-CR-00135-WFD-4)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

I.    **Introduction**

Appellant Alfredo Navarro-Flores challenges the sentence imposed upon him for

violations of 21 U.S.C. §§ 841 and 846.   Navarro-Flores, a citizen of Mexico, argues his

case should be remanded to the district court for further disposition because he was never

informed of his right to consult with the Mexican consulate under the Vienna Convention

on Consular Relations (the "Vienna Convention"), art. 36, Apr. 24, 1963, 21 U.S.T. 77,

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.   It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

596 U.N.T.S. 261. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we **AFFIRM**.

## II.    Background

Navarro-Flores was arrested in 2009 for his involvement in a conspiracy to distribute methamphetamine.   He was charged with conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and two counts of knowing use of a communication facility to facilitate a drug offense in violation of 21 U.S.C. § 843(b).   Navarro-Flores ultimately entered into a plea agreement with the government.

Pursuant to this agreement, Navarro-Flores agreed to plead guilty to the conspiracy and distribution counts in the superseding indictment in exchange for the government's dismissal of the remaining counts.   Additional provisions of this plea agreement required Navarro-Flores to "provide truthful, complete and accurate information regarding his criminal activity and the criminal activity of others."   The plea agreement also required the government to consider recommending a downward departure from the guideline-recommended sentencing range (pursuant to U.S. Sentencing Guidelines Manual § 5K1.1; 18 U.S.C. § 3553(e); or Fed. R. Crim. P. 35(b)) if satisfied that Navarro-Flores had "fully, completely, and truthfully cooperated."   After satisfying itself that the plea agreement had been translated and explained prior to Navarro-Flores's signature, and that Navarro-Flores understood and appreciated the consequences of the agreement, the district

court accepted the plea and ordered a presentence report.

The presentence report calculated Navarro-Flores's base offense level to be thirty-four. A three level adjustment was given for acceptance of responsibility, resulting in a total offense level of thirty-one. In combination with his Category I criminal history, Navarro-Flores's guideline sentence was calculated to be between 120 and 135 months imprisonment. At the sentencing hearing, the government explained it would not recommend a downward departure from the guideline sentence because Navarro-Flores had failed to provide complete and truthful cooperation with the government's investigation as required by the plea agreement. Specifically, it appears Navarro-Flores refused to provide the identity of a co-conspirator with whom he had demonstrably traveled on several occasions. Based on this information, the district court concluded Navarro-Flores would also be ineligible for the safety valve provided by U.S. Sentencing Guidelines Manual § 5C1.2(a)(5) (authorizing sentencing "without regard to any statutory minimum sentence" if "defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense"). Ultimately, the district court imposed a sentence at the bottom of the guideline range, 120 months' imprisonment. Navarro-Flores raised no objection to the sentence imposed.

Before announcing the terms of Navarro-Flores's sentence, the district court made the following remarks:

> Also, note, sir, that I've been advised by [the probation officer] that there is no indication that this defendant was advised, counsel, of his rights to consult with the Mexican consulate [under the Vienna Convention]. . . . We have a statutory obligation, because the statute is the treaty, to honor our obligations

-3-

to foreign nationals who are incarcerated in this country, and we did not keep it with respect to Mr. Navarro.

Mexico does not require mandatory notification when its citizens are incarcerated in this country, but this defendant has the right to be advised that, if he chooses, he can consult with consular authorities. . . .

If you wish, we can notify your consular officials in Denver. . . .

Do you want the Republic of Mexico's consulate in Denver notified of your incarceration here in the District of Wyoming?"

Navarro-Flores responded, "I don't know." There is no indication in the record that he has since made the decision to contact his consulate. This appeal followed.

## III. Discussion

Navarro-Flores contends the government's failure to advise him of his rights under the Vienna Convention prior to his sentencing hearing prejudiced his rights and requires we remand his case for further proceedings. He suggests that, had he been advised of his right to consular notification, he might have availed himself of such right, and that the Mexican consulate might have convinced him of the need to be fully forthcoming in his proffer, thereby qualifying him for safety valve consideration. Because Navarro-Flores did not raise this issue below, we review for plain error. *See United States v. Chanthadara*, 230 F.3d 1237, 1255 (10th Cir. 2000). To succeed in his appeal, then, Navarro-Flores must demonstrate "(1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Steele*, 603 F.3d 803, 808 (10th Cir. 2010).

Article 36 of the Vienna Convention provides, in relevant part:

[I]f he so requests, the competent authorities of the receiving State shall,

without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner.   Any communication addressed to the consular post by the person arrested, in prison, custody or detention shall also be forwarded by the said authorities without delay.   The said authorities shall inform the person concerned without delay of his rights under this sub-paragraph.

Vienna Convention, art. 36(b).   Federal regulations, moreover, require that "[i]n every case in which a foreign national is arrested the arresting officer shall inform the foreign national that his consul will be advised of his arrest unless he does not wish such notification to be given."   28 C.F.R. § 50.5(a)(1).

The government concedes it failed to advise Navarro-Flores of his right to consular notification.   Nevertheless, as Navarro-Flores acknowledges, neither this court nor the Supreme Court has resolved the question whether the Vienna Convention confers individually enforceable rights upon a defendant.   *See Sanchez-Llamas v. Oregon*, 548 U.S. 331, 342 (2006) (declining "to resolve the question whether the Vienna Convention grants individuals enforceable rights"); *Torres de la Cruz v. Maurer*, 483 F.3d 1013, 1024 n.11 (10th Cir. 2007) (expressing "serious doubts" the Vienna Convention grants individually enforceable rights).   The courts of appeal that have affirmatively passed upon the issue, moreover, reach differing conclusions.   *Compare Cornejo v. County of San Diego*, 504 F.3d 853, 863 (9th Cir. 2007) (holding the Vienna Convention does not confer "a privately enforceable right to be notified"); *United States v. Emuegbunam*, 268 F.3d 377, 394 (6th Cir. 2001) (same), *and United States v. Jimenez-Nava*, 243 F.3d 192 (5th Cir. 2001) (same), *with Jogi v. Voges*, 480 F.3d 822, 834 (7th Cir. 2007) ("We conclude that . .

. Article 36 [of the Vienna Convention] confers individual rights on detained nationals.").

In light of this uncertainty, the error, if any, is not plain, and Navarro-Flores's challenge must therefore fail. *See United States v. Dowlin*, 408 F.3d 647, 669 (10th Cir. 2005) (explaining that to be "plain," an error must be "clear or obvious under current, well-settled law." (quotation omitted)).

Even assuming for sake of argument the Vienna Convention indeed creates individually enforceable rights, Navarro-Flores has not shown how the government's failure to notify him of his right to consular contact affected a substantial right. Instead, Navarro-Flores speculates that, if he had known of his right to consular contact at the time of his arrest, he might have exercised it. He further supposes that, if he had spoken with the Mexican consulate, the United States' criminal justice system might have been better explained to him, thereby convincing him of the need for complete disclosure to the government. Finally, he hypothesizes his honesty would then have qualified him for safety valve consideration and, perhaps, a lighter sentence.

Nothing in the record indicates Navarro-Flores did not, in fact, understand the availability of reduced sentencing was contingent upon his honest and complete disclosure. The plea agreement, read to him in Spanish, contains several references to the requirement that Navarro-Flores "provide truthful, complete and accurate information," and the presentence report explicitly states the availability of safety valve consideration is contingent upon his compliance with U.S. Sentencing Guidelines Manual § 5C1.2(a)(5). Nor is it clear Navarro-Flores would have even exercised his right to consular contact had

he been advised of it. When ultimately informed of this right and asked whether he wished to exercise it, Navarro-Flores in fact replied "I don't know." Finally, there is no reason to believe the Mexican consulate, if contacted, would have succeeded in convincing Navarro-Flores to be completely honest with the government. Navarro-Flores's demonstration of impact to his substantial rights thus rests entirely upon speculation. Such speculation cannot satisfy the substantial rights prong of plain error review. *Jones v. United States*, 527 U.S. 373, 394-95 (1999) ("Where the effect of an alleged error is so uncertain, a defendant cannot meet his burden of showing that the error actually affected his substantial rights."). Consequently, Navarro-Flores's challenge must be rejected not only for failure to satisfy the second prong of the plain error standard, but the third as well.

## IV. Conclusion

For the foregoing reasons, Navarro-Flores's conviction is **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge