FILED
United States Court of Appeals
Tenth Circuit

November 4, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALFREDO NAVARRO FLORES,

Defendant - Appellant.

No. 13-8023
(D. Wyoming)
(D.C. Nos. 2:12-CV-00080-CAB and
2:09-CR-00135-WFD-4)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **LUCERO**, **McKAY,** and **MURPHY**, Circuit Judges.

Proceeding *pro se*, Alfredo Navarro Flores seeks to appeal the district

court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his

sentence. The matter is before this court on Flores's request for a certificate of

appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B) (providing no appeal may be

taken from a "final order in a proceeding under section 2255" unless the movant

first obtains a COA). Because Flores has not "made a substantial showing of the

denial of a constitutional right," this court **denies** his request for a COA and

**dismisses** this appeal. *Id*. § 2253(c)(2).

Flores was indicted for conspiracy to possess with intent to distribute

methamphetamine, distribution of methamphetamine, and two counts of knowing

use of a telephone to facilitate a drug offense. Flores pleaded guilty to the conspiracy and distribution counts and was sentenced to a mandatory minimum term of 120 months' incarceration. On direct appeal, this court rejected Flores's assertion he was prejudiced by the government's failure to notify him of his right to consult with the Mexican Consulate as required by the Vienna Convention on Consular Relations. *United States v. Navarro-Flores*, 421 F. App'x 863, 866 (10th Cir. 2011) (unpublished disposition).

In his *pro se* § 2255 motion, Flores raised several claims of ineffective assistance of trial counsel, including claims counsel (1) failed to argue for a reduction in his sentence pursuant to the "safety valve" provisions of U.S.S.G. § 5C1.2, (2) failed to seek a mitigating-role downward adjustment under U.S.S.G. § 3B1.2, and (3) failed to object to drug quantity calculations used to determine his sentence. In addition to his ineffective assistance claims, Flores also sought modification of his sentence because he believed it was unreasonably long.

The claims raised in Flores's motion were addressed by the district court which began by correctly noting that to establish the ineffectiveness of his counsel, Flores must demonstrate both that counsel's performance was deficient and that he was prejudiced by the deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Applying *Strickland* to Flores's ineffective assistance claims, the court concluded that Flores failed, in each instance, to demonstrate deficient performance on the part of his counsel. The

district court then concluded that Flores's challenge to the reasonableness of his sentence was procedurally barred. *See United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994) ("A defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed."). The court further concluded that, even in the absence of a procedural bar, the claim had no merit.

Flores is before this court seeking a COA on two of the issues raised in his § 2255 motion: his assertions counsel was ineffective for failing to seek sentence reductions under the safety valve and minor participant provisions of the Sentencing Guidelines. To be entitled to a COA, Flores must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Flores has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Flores need not demonstrate his appeal will succeed to be entitled to a COA, he

must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Flores's application for a COA and appellate brief, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes Flores is not entitled to a COA. The district court's resolution of his § 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, this court **denies** Flores's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-4-