FILED
United States Court of Appeals
Tenth Circuit

August 22, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LAURA S. KEMBLE,

        Defendant - Appellant.

No. 12-3070

(D. Kansas)

(D.C. No. 6:11-CR-10014-JTM-5)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY,** Senior
Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

Defendant and appellant, Laura Kemble, seeks to appeal the twenty-one
month sentence imposed on her following the revocation of her probation. Her

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

appointed counsel, Cori A. Harbour-Valdez, has filed an <u>Anders</u> brief and has moved to withdraw as counsel. <u>See</u> <u>Anders v. California</u>, 386 U.S. 738 (1967). Kemble has filed a *pro se* response to that brief, and the government has declined to file a brief. We therefore base our conclusion on counsel's brief and Kemble's response, as well as our own careful review of the record. For the reasons set forth below, we agree with Ms. Harbour-Valdez that the record in this case provides no nonfrivolous basis for an appeal, and we therefore grant her motion to withdraw and dismiss this appeal.

## BACKGROUND

In August 2011, Kemble pled guilty to one count of making a false statement to the government, in violation of 18 U.S.C. § 1001(a), and one count of food stamp fraud, in violation of 7 U.S.C. § 2024(b).[1] She was sentenced to three years of probation on each count, to run concurrently. On December 6, 2011, an officer with the United States Probation Office filed a petition alleging that Kemble had violated the terms of her probation by providing a urine specimen which tested positive for cocaine, and by failing to report for drug testing and treatment, failing to report for mental health treatment, failing to report to the Probation Office, and absconding from supervision.

---

[1]Food stamps are now called Supplemental Nutrition Assistance Program ("SNAP") benefits.

On March 1, 2012, Kemble waived her right to a hearing and stipulated that the allegations in the petition were true. Based on that stipulation, as well as the information in the violation report, the court determined that Kemble had violated her probation and it revoked her term of probation. After noting that the highest grade of violation was a Grade B and that Kemble's criminal history category was a 6, resulting in an advisory sentencing range of 21-27 months under the United States Sentencing Commission, Guidelines Manual, the court sentenced Kemble to 21 months, followed by two years of supervised release.

Kemble filed a *pro se* notice of appeal. As indicated, her appointed counsel has moved to withdraw as counsel pursuant to Anders.

**DISCUSSION**

In Anders, the Supreme Court held that if a defendant's counsel "finds [the defendant's] case to be wholly frivolous, after a conscientious examination of it, [s]he should so advise the court and request permission to withdraw." Anders, 386 U.S. at 744. Counsel must submit to both the court and her client a "brief referring to anything in the record that might arguably support the appeal." Id. The defendant may then "raise any points that [s]he chooses." Id.

The reviewing court must examine all the proceedings to determine whether the appeal is frivolous. Id. If the court so finds, it may grant defense counsel's request to withdraw and dismiss the appeal. Id. "On the other hand, if it finds

-3-

any of the legal points arguable on their merits (and therefore not frivolous) [the reviewing court] must, prior to decision, afford the indigent [defendant] the assistance of counsel to argue the appeal." Id.

Kemble argues in her pleadings that she was dissatisfied with the attorney who represented her in her original criminal proceeding as well as in her probation revocation proceedings. She is vague, however, as to the nature of her dissatisfaction. She alleges that the attorney, Terry Beall, failed to appear at her sentencing for the food stamp and false statement violations, although he sent another attorney to represent her whom she says "didn't know anything about what was going on with [her] or [her] case." *Pro Se* document filed 8/9/12 at 1. Kemble does not specify what harm, if any, she suffered because a different attorney was present.

She also claims that Mr. Beall may have told her that she would likely receive a 6-12 month sentence for her probation violation, and she was accordingly dismayed when she received a 21-month sentence. Kemble implies she may have attempted to withdraw her guilty plea had she known her sentence would be longer than 6-12 months. Other than those specific complaints, Kemble generally alleges that Mr. Beall "failed to do his job on [her] case" and that "this is not the first time Terry has let [her] down." *Pro se* document filed 3/19/12 at 1. Kemble's attorney in her Anders brief points out that Kemble's 21-month

sentence is both procedurally and substantively reasonable, and there is no basis for her to challenge that sentence.

With respect to her suggestion that her counsel was ineffective, we have stated:

> [i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed.

United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). "[E]ven if the record appears to need no further development, the claim should still be presented first to the district court in collateral proceedings . . . so the reviewing court can have the benefit of the district court's views." Id. Accordingly, "there is only a slight chance that we will forego the development of a factual record or at least an opinion by the district court on the subject in the first instance." Id. at 1241. After a review of the Anders brief, Kemble's submissions, and the record in this case, we see no reason to depart from this general rule. See United States v. Delacruz-Soto, 414 F.3d 1158, 1168 (10th Cir. 2005). This direct appeal is therefore not the proper vehicle for Kemble to challenge her attorney's effectiveness.

As for Kemble's sentence, we agree with her counsel that there is no nonfrivolous basis for attacking it. Before determining the sentence to be imposed after revocation of supervised release, a district court must consider both

the policy statements contained in Chapter 7 of the Guidelines and the factors provided in 18 U.S.C. § 3553(a). United States v. Steele, 603 F.3d 803, 808 (10th Cir. 2010). In explaining the sentence imposed, the court "is not required to consider individually each factor listed in § 3553(a), nor is it required to recited any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider." Id. at 1189 (quotations omitted). Additionally, although the court must consider the Chapter 7 policy statements, which "recommend a range of imprisonment upon revocation of supervised release," the recommendation is "advisory rather than mandatory in nature." United States v. Kelley, 359 F.3d 1302, 1305 (10th Cir. 2004) (quotations omitted).

"Our review of the court's application of these factors is deferential. '[W]e will not reverse a revocation sentence imposed by the district court if it can be determined from the record to have been reasoned and reasonable.'" United States v. McBride, 633 F.3d 1229, 1232 (10th Cir. 2011) (quoting United States v. Contreras-Martinez, 409 F.3d 1236, 1241 (10th Cir. 2005)). A "reasoned" sentence is procedurally reasonable and a "reasonable" sentence is substantively reasonable. Id.

The sentence imposed by the district court was within the advisory Guidelines range and was selected by the court after consideration of the § 3553(a) factors. Consequently, we conclude that the sentence imposed was both

-6-

procedurally and substantively reasonable.  See Gall v. United States, 552 U.S. 38, 51 (2007).

## CONCLUSION

We agree with Kemble's counsel that no meritorious basis exists for Kemble to appeal either her conviction or sentence.  We therefore GRANT her counsel's motion to withdraw and DISMISS this appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge
