FILED
**United States Court of Appeals
Tenth Circuit**

**April 26, 2010**

**Elisabeth A. Shumaker
Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

No. 09-7108

BRIAN STEELE,

      Defendant – Appellant.

**Appeal from the United States District Court
for the Eastern District of Oklahoma
(D.C. No. 6:04-CR-00060-JHP-1)**

Submitted on the briefs:[*]

Bret A. Smith, Muskogee, Oklahoma, for Defendant-Appellant.

Sheldon J. Sperling, United States Attorney, and Christopher J. Wilson, Assistant United States Attorney, Muskogee, Oklahoma, for Plaintiff-Appellee.

Before **TACHA**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

**O'BRIEN**, Circuit Judge.

---

    [*] **Error! Main Document Only.**After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Brian Steele appeals from an 18-month sentence of imprisonment imposed for his second violation of the terms of supervised release. He complains of procedural irregularities and claims the sentence is unreasonable. We affirm.

## I.    BACKGROUND

In June 2004, Steele pled guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 63 months imprisonment and 36 months supervised release. It is unclear from the record when he began serving that (his first) supervised release. In any event, in March 2008, he violated the terms by unlawfully possessing and using a controlled substance, failing to truthfully answer questions and otherwise follow the instructions of his probation officer, and committing another crime. The court revoked supervised release and sentenced him to 6 months imprisonment followed by another 18 months of supervised release. He began the second supervised release on October 2, 2008.

On April 18, June 6, June 29 and July 24, 2009, he tested positive for marijuana. He admitted his violations of supervised release in open court. The policy provisions of Chapter 7 of the United States Sentencing Guidelines recommended a sentencing range of 4 to 10 months imprisonment, *see* USSG §7B1.4(a)—the statutory maximum is 24 months. *See* 18 U.S.C. § 3583(e)(3). Defense counsel argued he was entitled to a lenient sentence because he maintained a job and supported his two children while on the most recent supervised release.[1]

---

[1] It is unclear from the record whether Steele also maintained a job and/or provided support for his children while serving his first supervised release.

The court sentenced Steele to 18 months imprisonment, explaining:

> You know, a year ago, I was in hopes that six months would get your attention . . . .  And I appreciate that you have two children and are paying child support.  That's the most positive thing I've heard . . . .  [F]rom my perspective, it's not consistent, though.  That you're paying child support and apparently taking care of your kids is a good thing obviously . . . .  [I]f I told you that that was common for me to see guys in your situation taking care of their kids and taking care of their wife, I'd say it's unusual.  You're the exception there.  What I don't understand is why you would sacrifice that relationship over marijuana . . . .
>
> [M]arijuana is . . . illegal . . . .  And when someone comes in, the truth is, in my old age, I've gotten more lenient than I used to be.  I used to get one positive and I thought I ought to send people to jail right then because you defied the Court, defied the law.  So at the urging, primarily of probation, I let it go two or three—go through some counseling [and] some treatment.  You've been through all that.  And I'm just concerned there's not much I can do.  And probably what you would like me to do is . . . let you serve your time, and then you can go do with your life whatever you choose to do.  I just hope you . . . do something constructive that doesn't involve marijuana.
>
> . . . .
>
> The Court has considered the violation policy statements . . . in Chapter 7 of the United States Sentencing Guideline manual now in effect, and view[s] those policies as advisory in nature for the purpose of these proceedings.  I've considered the nature and circumstances of the violation conduct and history and characteristics of the offender.  Mr. Steele has shown little regard for the rules and conditions of supervised release as indicated by his possession and use of marijuana during his term of supervised release.
>
> The sentence imposed is within the authority specified in 18 United States Code, Section 3583(e)(3).  Said sentence is reasonable, provides just punishment for noncompliance, is an adequate deterrent to criminal conduct, and promotes respect for the law.

(R. Vol. II at 24-27.)

The court informed Steele of his right to appeal and then asked each party whether there was "[a]nything further."  (*Id.* at 28.)  The government said "[n]o" and defense

- 3 -

counsel responded with a request that the court recommend Steele be permitted to serve his sentence in Beaumont, Texas.  (*Id.*)

## II.     DISCUSSION

Steele does not challenge the revocation of his supervised release.  Rather, he complains 18-months imprisonment is unreasonable in light of the guidelines' recommendation of 4 to 10 months and the facts and circumstances of this case.  In addition, he says the court failed to adequately explain its decision to deviate from the guidelines' recommendation, especially after acknowledging Steele's demonstrated ability to maintain employment and support his children.  To avoid plain error review, he claims the district court erred in failing to elicit objections after imposing sentence, thereby preventing him from ascertaining (or challenging) the court's reasons for deviating from the guidelines' recommendation.

A. Failure to Elicit Objections

In *United States v. Jones*, the Eleventh Circuit held that after imposing sentence, a district court must give the parties the opportunity "to object to the . . . court's ultimate findings of fact and conclusions of law and to the manner in which the sentence is pronounced."  899 F.2d 1097, 1102 (11th Cir. 1990), *rev'd on other grounds*, *United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993).  It reasoned such a procedure would "serve the dual purpose of permitting the district court to correct on the spot any error it may have made and of guiding appellate review."  *Id.*  "In applying the *Jones* rule, [the Eleventh Circuit] has held that when the district court merely asks if there is 'anything further?' or 'anything else?' and neither party responds with objections, then the court

has failed to elicit fully articulated objections and has therefore violated *Jones*." *United States v. Campbell*, 473 F.3d 1345, 1348 (11th Cir. 2007). "Under this rule, when a district court fails to elicit objections after imposing a sentence, [the appellate court] normally vacate[s] the sentence and remand[s] to the district court to give the parties an opportunity to present their objections." *Id.* at 1347. But a remand is not necessary when the record on appeal is sufficient to enable adequate review. *Id.* In the Eleventh Circuit *Jones* applies to supervised release revocation proceedings. *Id.* at 1348. Not all circuits agree. *United States v. Starnes*, 583 F.3d 196, 219 n.12 (3d Cir. 2009) (rejecting *Jones* rule, stating, *inter alia*, "we have never adopted such a supervisory rule and, in light of our precedents, we doubt the propriety of doing so"); *United States v. Vanderwerfhorst*, 576 F.3d 929, 934 (9th Cir. 2009) (rejecting imposition of a requirement that district courts elicit objections after announcing sentence).

Relying on *Jones* and *Campbell*,[2] Steele argues the district court erred in failing to elicit objections from the parties after imposing sentence, thereby preventing him from determining the reasons behind the court's deviation from the guidelines' recommended sentencing range. Even though the court asked both parties whether there was "[a]nything further" and neither party responded with an objection, Steele claims the court did not fulfill its obligation of eliciting objections. (R. Vol. II at 28.)

This issue has not previously been presented in this Circuit. We side with the

---

[2] As the government points out, the Sixth Circuit imposes a similar requirement on the district courts within its circuit. *See United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004).

Third and Ninth Circuits in concluding a trial judge is not required to specifically elicit objections after announcing a sentence. Competent professionals do not require such gratuitous superintendence; as long as there is a fair opportunity to register an objection, ask for an explanation or request factual findings, counsel must take the initiative thereby insuring that silence is not mistaken for acceptance. If a proper record is not made in the district court, we will only review for plain error.[3]

In this case a sufficient opportunity was made available. If Steele had objections to the sentence imposed or, more particularly, to the decision-making process, he could and should have raised them at a time and in such a way as to afford the trial judge an opportunity to correct any error, clarify any ambiguity or elaborate as necessary. In any event, this judge clearly articulated his (self evident) reasons for imposing a sentence outside the recommended range—Steele's serial violations of the law and supervised release terms, the failure of a shorter sentence to deter such violations and the apparent futility of substance abuse treatment.

B.  Reasonableness in general

"[A] sentence in excess of that recommended by the Chapter 7 policy statements will be upheld if it can be determined from the record to have been reasoned and reasonable." *United States v. Cordova*, 461 F.3d 1184, 1188 (10th Cir. 2006) (quotations omitted). This is the same analysis as the reasonableness standard of review under *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Rodriguez-*

---

[3] The result might be different in a pro se case where a defendant was clearly and unfairly disadvantaged.

*Quintanilla,* 442 F.3d 1254, 1256-57 (10th Cir. 2006) (citing *United States v. Kelley*, 359 F.3d 1302, 1304 (10th Cir. 2004)).[4] "Our appellate review for reasonableness includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence." *United States v. Smart*, 518 F.3d 800, 803 (10th Cir. 2008). "In [*Gall v. United States*, 552 U.S. 38 (2007)], the Supreme Court identified failing to consider the § 3553(a) factors and failing to adequately explain the chosen sentence as forms of procedural error." *Id.* (quotations omitted). On the other hand, "[a] challenge to the sufficiency of the § 3553(a) justifications relied on by the district court implicates the substantive reasonableness of the resulting sentence." *Id.* at 804. Steele claims his sentence is procedurally flawed and substantively unreasonable.

### 1. Procedural Reasonableness

When a defendant violates a condition of supervised release, the district court may, as it did here, revoke the term of supervised release and impose prison time. 18 U.S.C. § 3583(e)(3). "In imposing a sentence following revocation of supervised release, a district court is required to consider both [the] policy statements [contained in Chapter 7 of the sentencing guidelines], as well as a number of the factors provided in 18 U.S.C. § 3553(a)." *Cordova*, 461 F.3d at 1188 (citation omitted). Those factors include:

The nature and circumstances of the offense; the history and characteristics

---

[4] *See also United States v. Wrobel,* No. 09-5042, 2010 WL 226960, at *2 (10th Cir. Jan. 21, 2010) (Unpublished). Unpublished decisions are not binding precedent. 10th Cir. R. 32.1(A). We mention *Wrobel* as we would any other non-precedential authority.

of the defendant; the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner; pertinent guidelines; pertinent policy statements; the need to avoid unwanted sentence disparities; and the need to provide restitution.

*Id.* at 1188-89 (quotations omitted). "The sentencing court, however, is not required to consider individually each factor listed in § 3553(a), nor is it required to recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider before issuing a sentence." *Id.* (quotations omitted).

Because Steele did not raise his procedural objection (failure to adequately explain the decision to deviate from the guidelines' recommendation) with the district court, our review is for plain error. *United States v. Romero*, 491 F.3d 1173, 1178 (10th Cir. 2007) (because defendant did not object to the district court's lack of explanation after it announced his sentence, plain-error review is appropriate); *see also Cordova*, 461 F.3d at 1186 (applying plain error review to sentencing arguments challenging the revocation of a term of supervised release because arguments not raised with district court). "We find plain error only when there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Romero*, 491 F.3d at 1178. Because we discern no error, we need not go beyond the first step of the sequential analysis.

The district court considered the Chapter 7 policy statements as well as the § 3553(a) factors, in particular, the nature and circumstances of the violations, the history

and characteristics of the defendant and the need for the sentence imposed to afford adequate deterrence and protect the public. It also adequately explained its decision to deviate from the guidelines' recommendation. While it acknowledged Steele's provision of support for his children was exceptional, it also noted this admirable conduct was inconsistent with and eclipsed by his decision to continue to violate the law by using marijuana. It was also concerned that he refused to learn from past mistakes—lesser past punishment proved not to be an adequate deterrent—and he failed to benefit from counseling and treatment. To the extent explanation was required, it was more than met.

2. Substantive Reasonableness

We consider the substantive reasonableness of the length of a sentence under an abuse-of-discretion standard. *Gall*, 552 U.S. at 51. "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Landers,* 564 F.3d 1217, 1224 (10th Cir.), *cert. denied*, 130 S. Ct. 198 (2009) (quotations omitted); *see also United States v. Ortiz*, 804 F.2d 1161, 1164 n.2 (10th Cir. 1986) ("Under the abuse of discretion standard, a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."). This standard applies without regard to whether the district court imposes a sentence within or outside the advisory Guidelines range. *Gall*, 552 U.S. at 51.

The United States Sentencing Commission debated two different approaches to sanctioning a violation of supervised release: (1) consider the "defendant's failure to

follow the court-imposed conditions of . . . supervised release as a 'breach of trust'" or (2) sanction the defendant "for the particular conduct triggering the revocation as if that conduct were sentenced as new federal criminal conduct." USSG Ch. 7, Pt. A(3)(b). The Commission chose the former approach—"at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." *Id.* This was Steele's second breach of trust in a fairly short time. Under the guidelines, recidivism is generally a reason for increased sentencing severity.[5]

The seriousness as well as the persistence of Steele's violations, while not the primary focus, is also relevant. These were not mere technical violations; possession of marijuana is both a federal and state crime. *See* 21 U.S.C. § 844(a); Okla. Stat. Ann. tit. 63, § 2-402(A)(1), (B)(2).

Steele's sentence was patently reasonable.

**AFFIRMED.**

---

[5] The Comprehensive Crime Control Act sets forth four purposes of sentencing. (*See* 18 U.S.C. § 3553(a)(2).) A defendant's record of past criminal conduct is directly relevant to those purposes. A defendant with a record of prior criminal behavior is more culpable than a first offender and thus deserving of greater punishment. General deterrence of criminal conduct dictates that a clear message be sent to society that repeated criminal behavior will aggravate the need for punishment with each recurrence. To protect the public from further crimes of the particular defendant, the likelihood of recidivism and future criminal behavior must be considered. Repeated criminal behavior is an indicator of a limited likelihood of successful rehabilitation.

USSG Ch. 4, Part (A), intro. comment.