FILED
United States Court of Appeals
Tenth Circuit

July 13, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CHARLES A. NUNEZ,

    Defendant-Appellant.

No. 10-3056

(D.C. No. 06-CR-20102-1-CM)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **TACHA,** and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Defendant-appellant Charles Nunez appeals from the imposition of an eighteen-month term of imprisonment following the revocation of his supervised

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

release. Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

I

On April 9, 2007, Nunez pled guilty to making false statements in connection with the acquisition of a firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). He was sentenced to fifteen months' imprisonment followed by a two-year term of supervised release.

After serving his term of imprisonment, he was released to his term of supervised release. On November 29, 2009, following a traffic stop in Lawrence, Kansas, Nunez was arrested for possessing with intent to distribute marijuana. During the search of his car, law enforcement officers found five plastic baggies containing marijuana, $344 in cash, and cell phones with a number of text messages regarding drug transactions.

On January 14, 2010, the probation office petitioned the district court to revoke Nunez's supervised release. The petition alleged that he violated the terms of his supervised release, including that he "shall not commit another federal, state or local crime," and that he "shall not unlawfully possess a controlled substance." ROA, Vol. I at 38. After conducting a hearing, where Nunez did not contest the government's proffer of evidence, the district court found that Nunez had violated the terms of his supervised release. The district court determined that Nunez had committed a Grade A violation; this violation,

2

combined with his criminal history category of III, resulted in an advisory Guidelines sentencing range of eighteen to twenty-four months' imprisonment under the policy statement in U.S.S.G. § 7B1.4(a). Nunez asked to be sentenced to a term of one year and one day, and the government requested that he be sentenced to twenty-four months' imprisonment. The district court sentenced Nunez to eighteen months' imprisonment, which was at the bottom of the advisory Guidelines range. In doing so, the district court stated:

> The court has considered the nature and circumstances of these violations, characteristics of the defendant, and the sentencing objectives required by statute. . . . Regards to your term of imprisonment, Mr. Nunez, this is not the first time you've been in front of the court. As you recall, several other occasions. I'm not sure why you're not able to, I guess, stop putting yourself in these positions, but as you now know, your liberty's at stake. People have offered to try to help you address your substance abuse issues, but it hasn't worked out. . . . I'll go ahead and find at this time, Mr. Nunez, that it's worth it for the court to in effect give you one last break with this. I'll go ahead and give you the 18 months, the low end of that range, but your actions may have to change. . . . The court imposes this sentence due to the serious nature of your violation.

ROA, Vol. II at 17.

II

On appeal, Nunez contends that his sentence was greater than necessary to accomplish the purposes of sentencing, and thus, is substantively unreasonable. "[W]e review sentences for reasonableness under a deferential abuse-of-discretion standard." United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1214 (10th Cir. 2008). "Substantive review involves whether the length of the sentence is

reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." Id. at 1215 (quotation marks omitted).

Where, as here, a district court imposes a sentence within a correctly-calculated Guidelines range, that sentence is presumptively reasonable. United States v. Kristl, 437 F.3d 1050, 1055 (10th Cir. 2006). A defendant may rebut "this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." Id.

Nunez has not rebutted this presumption of reasonableness. He contends that the sentence does not accurately reflect the severity of the underlying conduct. However, "'at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.'" United States v. Steele, 603 F.3d 803, 809 (10th Cir. 2010) (quoting U.S.S.G. Ch. 7, Pt. A(3)(b)). And contrary to Nunez's assertion, the sentence reflects the severity of both the breach of trust, evidenced by his violation of the terms of his supervised release, as well as the severity of possessing with intent to distribute a controlled substance. As counsel for the government notes, Nunez's violation offense—possession with intent to distribute marijuana—is a serious crime which, if prosecuted in federal court, would carry a statutory maximum penalty of five years' imprisonment for quantities less than 50 kilograms. See 21 U.S.C. § 841(a)(1), (b)(1)(D). Moreover, as the district court noted, Nunez had previously

4

appeared before the court after twice testing positive for marijuana in 2008 in violation of his supervised release. Nothing in the record indicates that the district court abused its discretion in sentencing Nunez to the presumptively reasonable eighteen-month term of imprisonment.

The judgment of the district court is AFFIRMED.


Entered for the Court


Mary Beck Briscoe
Chief Judge