**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 20, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

v.

WILLIAM JOHN LEE,

 Defendant - Appellant.

No. 11-8053
(D.C. No. 2:03-CR-00112-WFD-1)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Defendant-Appellant William John Lee appeals from the district court's imposition of a three-year term of imprisonment and two-year term of supervised release following revocation of his supervised release. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

The parties are familiar with the facts. Briefly, Mr. Lee pleaded guilty to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

conspiracy to possess with intent to distribute, and to distribute, methamphetamine, and possessing a firearm as a felon. Aplt. Br. 1.[1] He was sentenced to 168 months' imprisonment and five years' supervised release in 2004, but his sentence was reduced to 97 months' incarceration in 2005. Id. at 1-2. Mr. Lee started his term of supervised release in June 2010. Id. at 2. Following a state-court conviction for misdemeanor battery, the federal court showed leniency and allowed Mr. Lee to continue his term of supervised release via home confinement. Id. Mr. Lee subsequently admitted to a federal probation officer that he used methamphetamine on at least three occasions between January and March 2011, and he pleaded guilty in March 2011 to state-court charges of domestic battery, unlawful contact, and interference with a call to police. Id. at 2-3. This time, the federal court revoked his supervised release.

Based on Mr. Lee's criminal history category of III and a Grade C probation revocation violation, his guideline range was five to eleven months. U.S.S.G. § 7B1.4(a). The district court explained to Mr. Lee that the maximum penalty was five years and that it was inclined to sentence outside the guideline range, notwithstanding more lenient recommendations. 3 R. 38-40, 53. Mr. Lee contends on appeal that the court failed to consider all relevant factors under 18 U.S.C. § 3553(a) and that his three-year sentence was substantively unreasonable.

---

[1] The parties do not dispute the underlying facts.

Id. at 18.[2]

Imposition of Mr. Lee's sentence did not involve procedural error. As an initial matter, Mr. Lee did not object to his sentence before the district court, so our review is for plain error. United States v. Steele, 603 F.3d 803, 808 (10th Cir. 2010). The district court acknowledged the guideline range, and also considered § 3553(a) factors such as the nature and circumstances of Mr. Lee's violations, the history and characteristics of Mr. Lee himself, and the need for the sentence imposed to deter Mr. Lee from future misconduct and protect the public. 3 R. 51-54; Steele, 603 F.3d at 808-09. The district court explained its decision to vary from the guidelines range, just as it had announced. 3 R. 38-39; Steele, 603 F.3d at 808. Finally, just as in Steele, the district court expressed concern that Mr. Lee had not learned from past mistakes, and that prior punishment had been insufficient to deter Mr. Lee from additional misconduct. 3 R. 41-42, 52 (court showed Mr. Lee leniency twice before, but Mr. Lee twice continued to break the law); Steele, 603 F.3d at 808-09. "To the extent explanation was required, [that requirement] was more than met." Steele, 603 F.3d at 809.

Mr. Lee's sentence also was not substantively unreasonable. We review the

---

[2] Mr. Lee couches his arguments in language that could invoke procedural error, substantive unreasonableness, or both. See, e.g., Aplt. Br. 18 ("Since the court failed to look at all sentencing factors in the imposition of the sentence, the sentence in excess of the guidelines is unreasonable and warrants a reversal."). For the sake of being comprehensive, we address both procedural error and substantive unreasonableness on appeal.

substantive reasonableness of a sentence for abuse of discretion, whether or not the sentence falls within the Guidelines range. Id. While revocation of supervised release primarily sanctions a defendant's breach of trust, recidivism generally warrants increased sentencing severity. Id. Furthermore, while the persistence and seriousness of a defendant's violations are not the primary focus of a supervised release revocation hearing, those considerations remain relevant. Id. Here, Mr. Lee admitted to possessing and using methamphetamine at least three times. 3 R. 37, 42; Steele, 603 F.3d at 809. Mr. Lee was also convicted of misdemeanor battery and domestic abuse—on separate occasions, and while on supervised release. Aplt. Br. 2-3. On this record, Mr. Lee's sentence was not substantively unreasonable.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 4 -