**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JASON LEE CERRE, SR.,

     Defendant - Appellant.

No. 12-6230
(D.C. No. 5:09-CR-00116-C-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **EBEL** and **TYMKOVICH**, Circuit Judges.

Defendant-Appellant Jason Cerre, Sr., challenges his thirty-six-month prison

sentence for violating the terms of his supervised release. Having jurisdiction under 18

U.S.C. § 3742(a) and 28 U.S.C. § 1291, we AFFIRM.

## I.  BACKGROUND

In September 2009, Cerre pled guilty to one count of willfully and maliciously

failing to provide adequate care, shelter, medical care and supervision for a child under

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App.
P. 32.1 and 10th Cir. R. 32.1.

the age of eighteen, an offense occurring within Indian country. The district court sentenced Cerre to twenty-four months in prison, to be followed by five years of supervised release.

Cerre was released from prison to supervised release in April 2011. Within a week, Cerre violated the terms of his release by operating a vehicle while intoxicated. As a result, the district court, with Cerre's agreement, modified the terms of his supervised release to require Cerre to complete an inpatient treatment program, followed by home detention and electronic monitoring. Following that course, Cerre violated the terms of his supervised release seven more times during the next three months. The district court, therefore, revoked Cerre's supervised release and sentenced him to thirteen months in prison followed by forty-seven months of supervised release.

On July 2, 2012, Cerre was again released from prison to supervised release. Ten days later, Cerre violated the terms of his release when he was arrested for being publicly intoxicated and disorderly. Cerre stipulated to this violation of his release terms, and the district court revoked his supervised release. As a result of the revocation of his supervised release terms, Cerre faced an advisory guideline range of between seven and thirteen months in prison. See U.S.S.G. §§ 7B1.1(a)(3), 7B1.4(a). But the guidelines' "Chapter 7 provisions dealing with violations of supervised release are not mandatory sentencing guidelines; rather, they merely constitute advisory policy statements." United States v. Vigil, 696 F.3d 997, 1002 (10th Cir. 2012) (internal quotation marks omitted). Therefore, "[a]ll discussions of applicable sentences before a district court following

2

revocation of supervised release should be grounded in the common understanding that the district court may impose any sentence within the statutory maximum." Id. (internal quotation marks omitted). And, in Cerre's case, the statutory maximum prison sentence for the revocation of his supervised release was five years. See 18 U.S.C. § 3583(e)(3) (when, as here, the underlying conviction is for a Class A felony).

The district court sentenced Cerre to thirty-six months in prison, with no further supervised release. Cerre appeals.

## II. ANALYSIS

"In reviewing a sentence imposed after revocation of supervised release, we review the district court's factual findings for clear error and its legal conclusions de novo." Vigil, 696 F.3d at 1001 (internal quotation marks omitted). "We will not reverse a sentence following revocation of supervised release if the record establishes the sentence is reasoned and reasonable. A sentence is reasoned if it is procedurally reasonable' and a reasonable sentence is one that is substantively reasonable." Id. (citation, internal quotation marks, alteration omitted).

### A. Procedural reasonableness

"Procedural reasonableness addresses whether the district court incorrectly calculated or failed to calculate the Guidelines sentence, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, relied on clearly erroneous facts, or failed to adequately explain the sentence." Vigil, 696 F.3d at 1001 (internal quotation marks omitted). Although Cerre contends on appeal that his sentence was not

3

"reasoned," he does not proffer any argument challenging the procedural reasonableness of his sentence.

**B. Substantive reasonableness**

Cerre instead argues that his sentence is substantively unreasonable. "Substantive reasonableness review broadly looks to whether the district court abused its discretion in weighing permissible § 3553(a) factors in light of the totality of the circumstances. Vigil, 696 F.3d at 1002 (internal quotation marks, alterations omitted). This abuse-of-discretion standard "applies without regard to whether the district court imposes a sentence within or outside the advisory Guideline range." United States v. Steele, 603 F.3d 803, 809 (10th Cir. 2010) (citing Gall v. United States, 552 U.S. 38, 51 (2007)).

Here, the district court did not abuse its discretion in sentencing Cerre to thirty-six months in prison. The district court imposed this sentence after agreeing with the probation officer's recommendation that "there's no point in imposing additional supervised release following whatever [prison] term I give you." (R. v.3 at 19.) See Vigil, 696 F.3d at 1001-02 (upholding district court's decision to revoke supervised release and impose a prison sentence above the advisory guideline range, with no further term of supervised release, based on the defendant's "blatant, repeated violations of the conditions" of supervised release).

Nevertheless, the district court indicated it did not want to send the message that "all you have to do is violate your supervised release, go back to jail, and then you're no longer supervised. There has to be a consequence for that." (R. v.3 at 19.) "For that

4

reason alone," the court concluded that the term of imprisonment the court would impose "ha[d] to be longer than it might otherwise be." (Id.) The district court went on to note that Cerre had

> been given many chances, many programs, many offers of help, and you've rejected each one. You've continued to engage in behaviors that cause a real danger to the community and to you. You need to serve as an example to others, both in your community and elsewhere, that you cannot violate the terms of your supervised release without significant consequences.

> We haven't apparently persuaded you of that yet. And that's my goal here in sentencing is to not only get you off the street and protect others from your alcoholism but to persuade you that a law-abiding life is the only way you are going to stay out of prison.

(Id. at 19-20.)

The record supports the district court's reasons for imposing a thirty-six-month sentence. And the court's reasoning rests on the relevant factors a court should consider in determining the length of a prison sentence following revocation of supervised release. See 18 U.S.C. § 3583(h). Cerre contends that a thirty-six-month sentence is too harsh for the Class C violation for which the district court revoked his supervised release, being publicly drunk and disorderly. But in imposing sentence, the court had to consider the totality of the circumstances. See Vigil, 696 F.3d at 1002. And in light of all of the circumstances at issue here, the court did not abuse its discretion in determining that a thirty-six-month prison sentence was appropriate. See id.at 1001-02 (upholding prison sentence above the advisory guideline range, with no further term of supervised release, based on the defendant's "blatant, repeated violations of the conditions" of supervised

5

release); <u>United States v. Cordova</u>, 461 F.3d 1184, 1189 (10th Cir. 2006) (holding

sentence above advisory range for supervised release revocation was reasonable in light

of the defendant's history of recidivism and substance abuse).

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM Cerre's thirty-six-month sentence.


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

6