FILED
United States Court of Appeals
Tenth Circuit

May 13, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JERONIMO CEBALLOS,

Defendant - Appellant.

No. 13-3185
(D.C. No. 6:04-CR-10138-MLB-1)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is therefore ordered

submitted without oral argument.

In this appeal, Defendant Jeronimo Ceballos challenges the sentence imposed upon

revocation of his supervised release. In 2004, Defendant pled guilty to distributing

methamphetamine and was sentenced to 108 months of imprisonment and four years of

supervised release. He commenced his four-year term of supervision on October 31,

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2011. Fourteen months later, on December 31, 2012, Defendant drank alcohol and then drove his vehicle to his girlfriend's residence, where he "physically assaulted her, punching her multiple times." (Appellant's App. at 15.) Defendant appeared with counsel before the local municipal court and was found guilty on charges of domestic battery. The municipal court sentenced him to two days in jail, three days at a work release center, and twenty-five days of home confinement. Defendant's federal probation officer then petitioned the district court to revoke Defendant's term of supervision based on his domestic violence conviction. The district court held a hearing on the petition, at which Defendant admitted to violating the conditions of his release by committing the crime of domestic battery.

The district court ultimately decided to revoke Defendant's supervision and send him back to prison for a period of thirty-months. While the advisory Guidelines recommended a sentence of five to eleven months' imprisonment for the violation, the district court concluded the sentencing factors described in 18 U.S.C. § 3553(a) and in Chapter 7 of the Guidelines weighed in favor of a significantly longer term of imprisonment. In reaching this conclusion, the district court first explained the crime of conviction was a serious offense for which Defendant received a low end of the Guidelines sentence. The court then concluded that Defendant "hasn't learned anything as a result of his involvement with the judicial system, either the municipal system or the federal system." (Appellant's App. at 27.) The court further stated: "[A]s reflected in the violation report, he has four convictions for domestic battery, which translates to me

as a coward who beats up women." (*Id.*) The court explained that "beating up your girlfriend" is a serious offense, even though it was "apparently . . . considered a fairly minimal offense over in municipal court," (*id.* at 28), and the district court suggested the local municipal court would probably give only a probationary sentence even to a Nazi war criminal. The court concluded the only way to deter Defendant from further criminal conduct was to imprison him, and the court reasoned that Defendant's pattern of behavior indicated that more lenient prison sentences had not provided adequate deterrence. The court also stated that a lengthy sentence would help protect "[t]he public, particularly the women that this man likes to prey upon." (*Id.* at 29). The court then stated it would impose a thirty-month sentence, and it asked whether the parties had any procedural or substantive comments to make concerning the court's sentencing decision. Defense counsel stated he believed the court had clearly considered the appropriate factors in announcing its sentencing decision, even though counsel hoped the court would reach a different conclusion after consideration.

On appeal, Defendant does not challenge the revocation of his supervised release. Rather, he only challenges the district court's sentencing decision. We review the district court's sentencing decision in a revocation case under the same reasonableness standard that applies to other sentencing decisions. *United States v. Steele*, 603 F.3d 803, 807 (10th Cir. 2010). Thus, "[o]ur appellate review for reasonableness includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence."

*Id.* at 807-08 (internal quotation marks omitted). "A sentence in excess of that recommended by the Chapter 7 policy statements will be upheld if it can be determined from the record to have been reasoned and reasonable." *Id.* at 807 (internal quotation marks and brackets omitted).

Defendant contends on appeal that the district court's remarks "were excessive under the circumstances." (Appellant's Opening Br. at 13.) "The reference to a Nazi war criminal; the calling the Defendant a coward; and stating the Defendant preys on women were not rational criteria to decide the sentence of defendant." (*Id.*) Defendant also contends his sentence was improperly based on the district court's disapproval of the way the local municipal court handled its cases and on the district court's apparent belief that Defendant would not be helped by the programs he had started attending. These arguments all appear to raise challenges to the procedural reasonableness of the sentence: although Defendant's arguments are not entirely clear, he appears to be asserting that the district court based its sentence on improper factors. *See United States v. Pinson*, 542 F.3d 822, 835-36 (10th Cir. 2008) ("While the weight the district court places on certain factors is reviewed for substantive unreasonableness, use of an improper factor is reviewed for procedural unreasonableness.") However, Defendant did not raise any challenges to the district court's consideration of these factors in the sentencing hearing, and any such argument is accordingly reviewable on appeal only for plain error. We are not persuaded the district court plainly erred by expressing its opinions on the serious nature of domestic battery offenses, the local municipal court's apparent leniency in

punishing such offenses, and what Defendant's conduct suggested about his character and potential for rehabilitation. *See id.* at 836 (noting that while "[t]here are likely some boundaries on what factors sentencing courts can permissibly consider at sentencing," such as the defendant's race, "aside from these few exceptions, we have repeatedly stated that no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence" (internal quotation marks omitted)).

Defendant also challenges the substantive reasonableness of his sentence, arguing that the circumstances of this case did not warrant a thirty-month sentence when the Guidelines only recommended a term of five to eleven months. He argues the district court placed too much weight on its opinion that the local municipal court was overly lenient in its penalties for domestic battery offenses, and he contends a violation based on a single misdemeanor conviction does not warrant the lengthy sentence imposed here. Defendant also argues there were other factors weighing in favor of a lower sentence, such as his participation in some anger management and Alcoholics Anonymous classes and the fact that this was his first supervised release violation. Defendant then contends the district court abused its discretion by varying upward to impose a thirty-month sentence.

We review the substantive reasonableness of Defendant's thirty-month sentence under an abuse of discretion standard, "afford[ing] substantial deference to the district

court." *United States v. Martinez*, 610 F.3d 1216, 1227 (10th Cir. 2010) (internal quotation marks and brackets omitted). "Because substantive reasonableness contemplates a range, not a point, in this arena we recognize a range of rationally available choices that the facts and law at issue can fairly support. Even if we might reasonably conclude that a different sentence was also appropriate, that is not a sufficient basis for reversal." *Id.* (internal quotation marks and citations omitted). "We reverse only when the district court renders a judgment that is arbitrary, capricious, whimsical or manifestly unreasonable." *Id.*

Under this deferential standard, we affirm the district court's sentencing decision. While we might reasonably conclude a lower sentence would also have been appropriate, we are not convinced the district court's decision to vary upward in this case fell outside "the range of rationally available choices" supported by the facts and the law in this case. A district court may permissibly vary upward from the advisory Guidelines range based on the seriousness and persistence of a defendant's offenses. In *United States v. Steele*, 603 F.3d 803, 809 (10th Cir. 2010) we upheld a substantial upward variance where the district court's finding of a violation was based on the defendant's repeated positive drug tests for marijuana. Explaining that possession of marijuana is a federal and state crime, "not [a] mere technical violation[,]" we concluded that an upward variance was reasonable based on "[t]he seriousness as well as the persistence" of the defendant's conduct. *Id.* The facts of this case likewise involve serious conduct—a violent offense in which Defendant physically assaulted his girlfriend by punching her multiple times. Far

from a "mere technical violation" or victimless offense, this was a serious violation of criminal law, even if the municipal court chose to prosecute it only as a misdemeanor. *See* 42 U.S.C. § 3796hh(a) (describing the purpose of a statute intended "to encourage . . . State and local courts . . . to treat domestic violence, dating violence, sexual assault, and stalking as serious violations of criminal law"). Moreover, the fact that Defendant returned to the same type of crime he had been convicted of on three occasions prior to his incarceration in the federal case "speaks to the likelihood of future recidivism," *United States v. Franklin-El*, 554 F.3d 903, 913 (10th Cir. 2009). *See United States v. Mayes*, 332 F.3d 34, 38 (1st Cir. 2003) (citing another First Circuit case which "not[ed] that recidivism is more likely where defendant repeatedly committed the *same type* of crime as the offense of conviction"); *see also United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir. 2007) (noting that "the district court's trust in the violator's ability to coexist in society peacefully" is "broken to a greater degree" when a defendant returns to the same type of criminal conduct following his release). Based on all of the facts in this case, and under our deferential standard of review, we cannot say that Defendant's thirty-month sentence in this case fell outside of the "range of rationally available choices" for sentencing, *Martinez*, 610 F.3d at 1227.

We accordingly **AFFIRM.**

Entered for the Court


Monroe G. McKay
Circuit Judge