FILED
United States Court of Appeals
Tenth Circuit

May 29, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

RONALD EARL OSBORN,

      Defendant - Appellant.

No. 14-7081
(E.D. Oklahoma)
(D.C. No. 6:10-CR-00019-RAW-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **TYMKOVICH**, and **MORITZ**, Circuit Judges.

---

Defendant Ronald Earl Osborn challenges the substantive reasonableness of his

sentence after the second revocation of his supervised release. The United States District

Court for the Eastern District of Oklahoma sentenced Defendant to 12 months'

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment, one month above the range specified by the United States Sentencing Guidelines. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

In May 2010 Defendant pleaded guilty to being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1); possession of an unregistered firearm, *see* 26 U.S.C. §§ 5845, 5861(d), and 5871; and being a felon in possession of explosive materials, *see* 18 U.S.C. § 842(i)(1). The district court sentenced him to 37 months' imprisonment and 24 months of supervised release. He began his term of supervised release on November 30, 2012. Shortly thereafter, he began violating the conditions of his supervised release. According to a report by the probation officer, he tested positive for marijuana and methamphetamine on December 5, 2012, and admitted to using methamphetamine in April 2013. The probation officer instructed Defendant to participate in substance-abuse therapy through the Veterans Administration (VA) and said that he would be subjected to more frequent urine tests; but no court action was requested, and the court did not take action. In June 2013 the probation officer submitted a second report stating that Defendant had admitted to using marijuana to celebrate his birthday. The probation officer again instructed Defendant to participate in substance-abuse treatment through the VA. Once again, the probation officer did not request court action and the court did not take any. Four months later the probation officer submitted a report saying that Defendant admitted to being in constant contact with James Cedric Baird, contrary to the condition that he not associate with any person convicted of a felony. In addition, he had

2

failed to report to the probation officer in July, August, and September. After receiving a verbal reprimand from the probation officer, Defendant demonstrated a renewed sense of purpose and indicated that he was taking steps to terminate all contact with Mr. Baird. For a third time, the probation officer did not request court action and the court agreed.

On January 14, 2014, the probation officer petitioned the district court to revoke Defendant's supervised release because of his continuing violations of conditions of supervised release. The petition said that in December 2013 Defendant was arrested and charged with driving under the influence; driving with a suspended, canceled, or revoked license; and failing to carry insurance verification. Moreover, Defendant failed to notify his probation officer of this arrest within 72 hours of the arrest or in his monthly written report. Finally, Defendant failed to report to his probation officer for an additional three months. At the revocation hearing on March 6, 2014, Defendant stipulated to the violations and the court sentenced him to three months' imprisonment followed by 24 months of supervised release.

On July 1, 2014, the probation officer submitted a second petition to revoke Defendant's supervised release. The petition alleged that on June 6 and 11 Defendant submitted urine samples that tested positive for methamphetamine. Also, two days after an orientation meeting in which the probation officer instructed Defendant not to have contact with Mr. Baird, the probation officer observed Mr. Baird inside Defendant's house. At the revocation hearing Defendant argued that the government was required to call as a witness the lab technician who prepared the samples, and the court reset the

hearing. At the rescheduled hearing the court considered only the violation related to Defendant's association with a convicted felon and not the drug-related violations. Defendant did not contest the violation based on his contact with Mr. Baird.

The district court noted that the guidelines sentencing range was 5 to 11 months for the supervised-release violation, and the statutory maximum was 21 months. The government argued that the court's prior leniency warranted a more significant punishment. In mitigation, defense counsel explained that Defendant had lived with Mr. Baird for approximately 15 years, he considered Mr. Baird to be family, and one of Mr. Baird's brothers took care of Defendant's finances. The court then sentenced Defendant to 12 months' imprisonment without any supervised release, stating that he had "shown little regard for the rules and conditions of supervised release." R., Vol. II at 32.

On appeal Defendant argues that the sentence imposed was substantively unreasonable. In assessing the substantive reasonableness of a sentence, we examine the relevant factors set out in 18 U.S.C. § 3553(a). *See United States v. McBride*, 633 F.3d 1229, 1231–32 (10th Cir. 2011). We review the reasonableness of "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Damato*, 672 F.3d 832, 838 (10th Cir. 2012) (internal quotation marks omitted).

4

Defendant contends that a 12-month sentence was not warranted in light of his history and the nature and circumstances of his offense. *See* 18 U.S.C. § 3553(a)(1). He argues that associating with a felon is a victimless offense and did not involve the commission of a new crime; that the offense was merely self-harming and there was no need to protect the public from Defendant or to be concerned about respect for the law, *see id.* § 3553(a)(2)(A),(C); and that Mr. Baird was like family to him. But the guidelines state that "at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." USSG ch. 7, pt. A, introductory cmt. (b). And we have recognized that "[u]nder the guidelines, recidivism is generally a reason for increased sentencing severity." *United States v. Steele*, 603 F.3d 803, 809 (10th Cir. 2010) (footnote omitted). Here, Defendant repeatedly breached the court's trust by violating his conditions of supervised release. In fashioning a sentence, the district court properly focused on Defendant's disregard for the rules of supervision. Further, Defendant had not responded to leniency. On three occasions the court did not take any action in response to reports of Defendant's supervised-release violations. When the court revoked Defendant's supervised release the first time, it imposed a prison sentence below the advisory guidelines range. *See* USSG § 7B1.4(a) (5-11 month range for grade C violation and criminal-history category III). Given this prior leniency, the court's imposition of a sentence one month above the guidelines range upon a second revocation was eminently reasonable.

5

Defendant has failed to demonstrate that the district court abused its discretion in imposing a 12-month sentence.

We AFFIRM.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge