**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 8, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JUAN ANTONIO MANDUJANO-
VEGA,

    Defendant-Appellant.

No. 16-2200

(D.C. No. 2:16-CR-00328-WJ-1)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **BALDOCK,** and **MORITZ**, Circuit Judges.[**]

Defendant Mandujano-Vega originally pleaded guilty to unlawful reentry of a removed alien in violation of 8 U.S.C. § 1326(a). The district court sentenced Defendant to 40 months in prison to be followed by a two year term of supervised release. Defendant's supervised release commenced in August 2015. While on supervised release, Defendant violated the standard release condition that he not commit another crime. Defendant admitted he attempted to illegally reenter the

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

United States at the Columbus, New Mexico, Port of Entry by presenting a counterfeit United States non-immigrant visa. The district court revoked Defendant's supervised release and sentenced him to 21 months in prison, the low end of his advisory guideline range. The court ordered this sentence to run consecutively to the 30 month prison sentence the court imposed on Defendant the same day for yet another unlawful reentry in violation of § 1326(a). *See United States v. Mandujano-Vega*, No. 15-CR-4471-WJ (D.N.M. Aug. 3, 2016). Defendant timely appealed his sentence for violating a condition of his supervised release. We exercise jurisdiction under 18 U.S.C. § 3742(a). The Assistant Federal Public Defender (AFPD) has filed an *Anders* brief, *see Anders v. California*, 386 U.S. 738 (1967), and now moves to withdraw as counsel for Defendant. The Government has notified us that it does not intend to file a response brief. We affirm the district court's judgment and grant counsel's motion to withdraw.

The AFPD identifies two possible non-frivolous arguments in support of Defendant's claim. First, the AFPD suggests the district court, despite its proper guidelines range calculation, may have erred in sentencing Defendant to 21 months in prison for violating his supervised release. But as counsel points out, we review the substantive reasonableness of a sentence only for an abuse of discretion and presume that a sentence within a properly-calculated guideline range is reasonable, subject to rebuttal by the challenging party. *See United States v. Steele*, 603 F.3d 803, 809 (10th Cir. 2010) (abuse of discretion); *United States v. Kristl*, 437 F.3d

2

1050, 1054 (10th Cir. 2006) (presumption of reasonableness). In this case, Defendant did not argue in the district court that his sentence for violating a supervised release condition, when viewed against the § 3553(a) factors, was substantively unreasonable. Moreover, nothing in the district court record, which we have carefully reviewed, rebuts the presumption that Defendant's sentence is substantively reasonable. Counsel is correct; there is no merit to his first suggestion.

The AFPD also suggests the district court may have erred in ordering that Defendant's sentence for violating his supervised release be served consecutively to his term of imprisonment for unlawful entry. But the district court simply exercised its sound discretion in ordering that Defendant serve the two sentences consecutively. *See United States v. Cordova*, 461 F.3d 1184, 1189 (10th Cir. 2006); *see also* U.S.S.G. § 7B1.3(f) (directing that a sentence imposed upon a revocation of supervised release be served consecutively to any sentence imposed on the underlying criminal conduct). While Defendant requested that the court run the sentences concurrently, he made no argument that the court acted unreasonably in sentencing him as it did, and we see nothing in the record to indicate such. So counsel is again correct; there is no merit to his second suggestion.

We appreciate the AFPD's candor in filing an *Anders* brief. The judgment of

the district court is AFFIRMED and counsel's motion to withdraw is GRANTED.


Entered for the Court,


Bobby R. Baldock
United States Circuit Judge