**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 15, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DAMON HATANAKA,

    Defendant - Appellant.

No. 17-2012
(D.C. No. 1:09-CR-01860-MCA-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.
_____

Damon Hatanaka appeals from a 28–month sentence of imprisonment imposed for violating his second supervised release. He complains the sentence is both procedurally and substantively unreasonable. We affirm.

## I. BACKGROUND

In 2010, Hatanaka was sentenced to 70 months of imprisonment and five years of supervised release after pleading guilty to possessing with intent to distribute five grams and more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). He

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

violated the supervised release in August 2015 after using the telephone at his halfway house to make threats amounting to a domestic violence offense against his wife. The district court revoked his supervised release and sentenced him to eight months of imprisonment and four years of supervised release.

In April 2016, Hatanaka started his second supervised release. He again was ordered to live at a halfway house. But in August 2016, he absconded and went to his wife's house, where he doused her clothes with bleach and broke several televisions. He also repeatedly attempted to contact her. Afterwards, he remained at large for some four months. This misconduct led to the revocation of the second supervised release.

The first revocation sentence of eight months' imprisonment left 28 months' imprisonment as the maximum available term. The advisory Guideline range was six to twelve months' imprisonment. The district court varied upward and sentenced Hatanaka to the entire 28 months, stating:

> The sentence that I will impose here is imposed due to this defendant's continued disregard for court orders, and this has been consistent, Mr. Hatanaka.

> Since his original commencement of supervision, he has been arrested on three occasions for domestic violence-related matters.

> I find that he is both a danger to the community and poses a risk of flight, and the following sentence takes into consideration his lack of compliance, what I would characterize as a poor attitude and poor behavior while under supervised release here.

> I am committing you to the custody of the Bureau of Prisons for a term of 28 months.

A term of supervised release will not be reimposed. I see no benefit
in that.

R., Vol. IV at 24-25. Hatanaka did not object. He now appeals.

## II. DISCUSSION

An above-Guidelines sentence "will be upheld if it can be determined from the
record to have been reasoned and reasonable." *United States v. Steele*, 603 F.3d 803,
807 (10th Cir. 2010) (internal quotation marks omitted). "Our appellate review for
reasonableness includes both a procedural component, encompassing the method by
which a sentence was calculated, as well as a substantive component, which relates to
the length of the resulting sentence." *Id.* at 807-08 (internal quotation marks
omitted). Hatanaka challenges both components.

## A. Procedural Reasonableness

"The procedural component relates to the manner in which the district court
calculated and explained the sentence." *United States v. A.B.*, 529 F.3d 1275, 1278
(10th Cir. 2008). "In imposing a sentence following revocation of supervised
release, a district court is required to consider both the policy statements contained in
Chapter 7 of the sentencing guidelines, as well as a number of the factors provided in
18 U.S.C. § 3553(a)." *Steele*, 603 F.3d at 808 (brackets and internal quotation marks
omitted). Examples of procedural error include "failing to consider the § 3553(a)
factors, . . . or failing to adequately explain the chosen sentence—including an
explanation for any deviation from the Guidelines range." *Gall v. United States*,
552 U.S. 38, 51 (2007).

3

Hatanaka argues the district court erred in (1) not explaining how it considered the § 3553 factors; (2) not adequately explaining why it rejected the advisory Guideline range; and (3) considering factors outside the statutory and Guideline factors. "Because [Hatanaka] did not raise his procedural objection[s] . . . with the district court, our review is for plain error." *Steele*, 603 F.3d at 808. "We find plain error only when there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). "The plain error standard presents a heavy burden for an appellant, one which is not often satisfied." *United States v. Romero*, 491 F.3d 1173, 1178 (10th Cir. 2007).

We see no error, much less plain error. "[W]e have made it quite clear that the sentencing court is not required to consider individually each factor listed in § 3553(a) before issuing a sentence." *United States v. Kelley*, 359 F.3d 1302, 1305 (10th Cir. 2004). Although the district court did not expressly refer to the § 3553(a) factors, "[w]e do not require a ritualistic incantation to establish consideration of a legal issue, nor do we demand that the district court recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider." *Id.* (internal quotation marks omitted). "[I]t is enough if the district court considers § 3553(a) en masse and states its reasons for imposing a given sentence." *Id.*

The district court explained its reasons for the upward variance, including Hatanaka's repeated failure to abide by the conditions of supervision and poor

4

attitude while on supervision, his arrest for three domestic violence offenses while on supervision, and his dangerousness. Although Hatanaka criticizes the district court's precise language, there is no indication the district court considered an improper factor. Rather, these reasons relate directly to the § 3553(a) factors, including "the nature and circumstances of the offense," "the history and characteristics of the defendant," and "the need for the sentence imposed--(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2).

As for Hatanaka's suggestion the district court did not expressly consider other § 3553(a) factors, such as whether the sentence was consistent with defendants with similar histories, there is no indication he made any material, non-frivolous arguments regarding such factors. *See United States v. Pinson*, 542 F.3d 822, 833 (10th Cir. 2008) ("The court must also address, in its statement of reasons, the material, non-frivolous arguments made by the defendant."). "Had [the defendant] raised the issue, specific discussion of the point might have been in order, but it was not incumbent on the District Judge to raise every conceivably relevant issue on [her] own initiative." *Gall*, 552 U.S. at 54.

Finally, to the extent Hatanaka argues the district court's reasons for its upward variance were already adequately accounted for by the Guidelines range, we have held "district courts have broad discretion to consider particular facts in fashioning a sentence under 18 U.S.C. § 3553(a), even when those facts are already

5

accounted for in the advisory Guidelines range." *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1222 (10th Cir. 2008). The court must explain the reasons why the defendant's situation differs from the ordinary, *see id.* at 1222-23, but "[t]his explanation need not be overly detailed," *id.* at 1223 (internal quotation marks omitted). The district court did identify factors it found important, and any failure in that explanation would not be plain error.

Having identified no plain procedural error, we need not consider whether any such error affected Hatanaka's substantial rights and seriously affected the fairness, integrity, or public reputation of judicial proceedings.

## B. Substantive Reasonableness

"The substantive component relates to the length of the sentence: In evaluating the substantive reasonableness of a sentence, we ask whether the length of the sentence is reasonable considering the statutory factors delineated in 18 U.S.C. § 3553(a)." *A.B.*, 529 F.3d at 1278 (internal quotation marks omitted). We review substantive reasonableness for abuse of discretion. *Gall*, 552 U.S. at 51. "When conducting this review, the court will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* "[I]f the sentence is outside the Guidelines range, the court . . . must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.*

Given the domestic violence arrests and Hatanaka's 2016 absconsion from the halfway house, the district court did not clearly err in finding he is dangerous. Such

6

a finding supports the substantive reasonableness of the sentence. *Pinson*, 542 F.3d at 837. Moreover, this was Hatanaka's second revocation of supervised release in less than two years, and therefore his "second breach of trust in a fairly short time. Under the guidelines, recidivism is generally a reason for increased sentencing severity." *Steele*, 603 F.3d at 809. We cannot conclude the district court abused its discretion.

The district court's judgment is affirmed.

Entered for the Court


Terrence L. O'Brien
Circuit Judge