**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 20, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DIONYSIA TRENT,

Defendant - Appellant.

No. 12-6133

(W.D. Oklahoma)

(D.C. No. 5:11-CR-00235-M-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Defendant and appellant, Dionysia Simone Trent, appeals the twenty-four month sentence imposed following the revocation of her supervised release. Finding the sentence reasoned and reasonable, we affirm.

## BACKGROUND

Ms. Trent was originally charged with failing to register and update her sex offender registration as required by the Sex Offender Registration and Notification Act, in violation of 18 U.S.C. § 2250(a). When she ultimately pled guilty to that charge, Ms. Trent was sentenced to "time served" followed by five years of supervised release.[1] The sentence of "time served" amounted to five months and nineteen days, a downward variance from the 12 to 18 month

---

[1] Ms. Trent had difficulties complying with court-imposed conditions while she was out on bond awaiting trial on her original failure-to-register charge. While out, Ms. Trent repeatedly refused to charge her ankle monitor. On June 30, 2011, Ms. Trent entered a medical detoxification program and an individual substance abuse counseling program where she proceeded to miss appointments. On August 22, 2011, Ms. Trent again entered a medical detoxification program and then went to the Carver Center in Oklahoma City for residential inpatient substance abuse treatment. While in treatment, Ms. Trent tested positive twice for the prescription drug Xanax, after having a friend sneak the drugs into the treatment center. Ms. Trent also obtained a Xanax prescription from a doctor, a further violation of the conditions of her pretrial release.

On October 18, 2011, while still awaiting trial and while still under the conditions of her release, the Carver Center asked to have Ms. Trent removed from its treatment program, following another violation by Ms. Trent of the Center's rules and the conditions of her release: staff members found her having sex in the laundry room with another Carver Center resident. On October 19, 2011, the court revoked her bond and she was detained.

advisory sentencing range under the United States Sentencing Commission, Guidelines Manual ("USSG").

On April 5, 2012, Ms. Trent began serving her term of supervised release. Two days into her term, she left her house, in violation of her conditions of supervised release, and she refused to answer phone calls from her probation officer. On April 10, 2012, Ms. Trent was arrested by the Oklahoma City police for an outstanding warrant from a previous charge of driving under the influence. She was held until April 16, 2012. Ms. Trent was referred to a treatment center and was over an hour late for her sex offender counseling, and further refused to complete an assessment because she "did not have her reading glasses."

On April 23, 2012, Ms. Trent again left her home without permission, and on April 27, during a urinalysis, the probation officer noticed a "urine dispensing device" which Ms. Trent was using to submit a liquid as her own urine. On that same day (April 27), her probation officer filed a Petition for Warrant or Summons for Offender Under Supervision alleging that Ms. Trent had violated the conditions of her release. More specifically, the Petition alleged Ms. Trent had violated the home confinement conditions, she had failed to follow the instructions of her probation officer, she had submitted a diluted urine specimen, and she had tampered with the urine testing procedures.

On May 10, 2012, a hearing occurred on the Petition, at which time Ms. Trent stipulated to the allegations in the Petition. The district court accepted the

stipulation and determined that Ms. Trent had violated her terms of supervision. The district court then revoked her supervision and, after considering the USSG Chapter 7 policy statements and the sentencing factors contained in 18 U.S.C. § 3553, sentenced her to twenty-four months' imprisonment, followed by no additional term of supervised release. This appeal followed, in which Ms. Trent claims her twenty-four month term of imprisonment was not reasoned and reasonable because it was "well above the advisory revocation range specified by the Sentencing Guidelines" and because the district court's reasons for imposing the sentence were "not clear" from the record. Appellant's Br. at 7.

**DISCUSSION**

"In reviewing a sentence imposed after revocation of supervised release, we review the district court's factual findings for clear error and its legal conclusions *de novo.*" United States v. Handley, 678 F.3d 1185, 1188 (10th Cir. 2012). And, we will not reverse such a sentence if the record establishes that the sentence is "reasoned and reasonable." Id. (quoting United States v. Contreras-Martinez, 409 F.3d 1236, 1241 (10th Cir. 2005) (internal quotation marks omitted)). That standard applies equally to a "sentence in excess of that recommended by the Chapter 7 policy statements." United States v. Steele, 603 F.3d 803, 807 (10th Cir. 2010). We have further explained that "a 'reasoned' sentence is one that is 'procedurally reasonable'; and a 'reasonable' sentence is one that is

'substantively reasonable.'" United States v. Vigil, 696 F.3d 997, 1001 (10th Cir. 2012) (quoting United States v. McBride, 633 F.3d 1229, 1232 (10th Cir. 2011)).

Procedural reasonableness, in turn, "addresses whether the district court incorrectly calculated or failed to calculate the Guidelines sentence, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, relied on clearly erroneous facts, or failed to adequately explain the sentence." Id. "Substantive reasonableness review broadly looks to whether the district court abused its discretion in weighing permissible § 3553(a) factors in light of the totality of the circumstances." Id. at 1002. Ms. Trent challenges both.

With respect to her argument that her sentence was not "reasoned" (or procedurally reasonable), Ms. Trent argues "the district court's reason for the sentence imposed is not clear from the record." Appellant's Br. at 10. We disagree.

"In imposing a sentence following revocation of supervised release, a district court is required to consider both [the] policy statements [contained in Chapter 7 of the sentencing guidelines], as well as a number of the factors provided in 18 U.S.C. § 3553(a)." Steele, 603 F.3d at 808. The court need not, however, "consider individually each factor listed in § 3553(a), nor is it required to recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider before issuing a

sentence." Id. (further quotations omitted); see United States v. Kelley, 359 F.3d 1302, 1305 (10th Cir. 2004) ("[I]t is enough if the district court considers § 3553(a) en masse and states its reasons for imposing a given sentence.").

In this case, Ms. Trent did not alert the district court to her belief that the court's statement of reasons for the sentence imposed was inadequate. In such a case, we review for plain error the procedural reasonableness of the sentence imposed. United States v. Ruiz-Terrazas, 477 F.3d 1196, 1199 (10th Cir. 2007). "Plain error occurs when there is (i) error, (ii) that is plain, which (iii) affects the defendant's substantial rights, and which (iv) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

At the her sentencing hearing, Ms. Trent asked for a "very short period of confinement, allowing her to get back onto supervised release." Tr. of Hr'g on Violation of Supervised Release at 7, R. Vol. IV at 7. The court began its sentencing explanation by noting that Ms. Trent's violations of the terms of her release were Grade C violations which, with her criminal history category of II, yielded an advisory Guidelines sentencing range of four to ten months. The court further stated that it had "considered all of the factors in Title 18 United States Code Section 3553, and the policy statements which are in Chapter 7 of the Sentencing Guidelines." Id. at 8. The court also noted, following its imposition of the twenty-four month sentence, that Ms. Trent seemed to have continuing problems with compliance: "Ms. Trent, I just hope that you can get this behind

you. But . . . I want to say this to you, when the Court saw your case, the Court could not believe, it has barely been 30 days since we started the venture, you started the venture." Id. at 9.

While the district court's explanation was not expansive or detailed, it was more than adequate under our authorities. The sentence was, accordingly, reasoned.

Ms. Trent also argues the sentence was not substantively reasonable. This argument fails as well. This case is similar to the facts presented in Vigil, 696 F.3d at 1002, where we observed that the court's imposition of an above-the-recommended-sentencing-range sentence was justified by the defendant's "blatant, repeated violations of the conditions of her probation and supervised release." As the government points out, Ms. Trent violated her supervised release just two days after being released from imprisonment, and she continued to violate those release terms in a variety of ways.

Furthermore, we reject Ms. Trent's argument that the "perception [that she] is not amenable to supervision ha[s] nothing to do with [the § 3553(a) factors.]" Appellant's Br. at 11. Indeed, one of those factors (statements of the applicable guidelines and policy provisions) instructs that "at revocation the court should sanction primarily the defendant's breach of trust" committed by failing "to follow the court-imposed conditions of . . . supervised release." USSG Ch. 7, Part A, § 3(b). Ms. Trent repeatedly failed to follow the terms of her supervision,

which reflected not only a breach of trust but a persistent unwillingness to follow rules. The twenty-four-month sentence imposed was substantively reasonable.

## CONCLUSION

For the foregoing reasons, we AFFIRM the sentence in this case.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge