**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 12, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

CREE FRANCES CLAPPER,

      Defendant-Appellant.

No. 12-6068
(D.C. No. 5:11-CR-00326-HE-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

Defendant-Appellant Cree Frances Clapper appeals a district court order revoking her supervised release and sentencing her to twenty-four months' imprisonment followed by twelve months of supervised release, arguing that the sentence was procedurally and substantively unreasonable. Finding the sentence reasoned and reasonable, we **affirm**.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

After examining the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

# I

Ms. Clapper pleaded guilty to conspiracy, in violation of 18 U.S.C. § 371 (Count One), and effecting transactions with one or more access devices issued to another person, in violation of 18 U.S.C. §§ 1029(a)(5) and 1029(c)(1)(A)(ii) (Count Forty-One). On January 25, 2011, the district court sentenced her to six months' imprisonment on each count, to run concurrently, followed by three years' supervised release on each count, also to run concurrently. Ms. Clapper's supervised release commenced on September 30, 2011.

Ms. Clapper violated the terms of her supervised release on November 1, 2011, when she admitted to having contact with a felon and to using alcohol. No court action was taken at the time. Ms. Clapper entered Court Assisted Recovery Effort ("CARE") when a report submitted on December 27, 2011 indicated that she had used methamphetamine, submitted diluted urine samples, and failed to submit a urine sample as directed. On February 7, 2012, Ms. Clapper admitted to marijuana use and was sanctioned to serve one day in the custody of the United States Marshals and ordered to complete twenty hours of community service per week until employed. In lieu of being sanctioned for her admitted use of methamphetamine and marijuana, Ms. Clapper voluntarily withdrew from CARE. The district court issued an amended petition for warrant that recounted Ms. Clapper's drug-usage violations and her failure to meet drug-testing requirements,

as well as her violation of another supervised release condition when she was found in the home of her co-defendant with whom she was to have no contact.

At her March 7, 2012 revocation hearing, Ms. Clapper stipulated to the violations listed in the amended petition for warrant. She asked the district court to vary upward from the imprisonment range specified in the U.S. Sentencing Guidelines ("U.S.S.G.")—that is, three to nine months' imprisonment—to a sentence of twelve months and one day imprisonment, with no further supervised release. She expressed her belief that supervised release "would just set herself up for failure again." R., Vol. 3, at 4 (Tr. of Revocation Hr'g, held Mar. 7, 2012). The probation office recommended the statutory maximum sentence of twenty-four months' imprisonment with twelve-months' supervised release. The district court found the probation office's recommendation appropriate, and sentenced Ms. Clapper to twenty-four months' imprisonment and twelve months' supervised release.

## II

"In reviewing a sentence imposed after revocation of supervised release, we review the district court's factual findings for clear error and its legal conclusions *de novo*." *United States v. Handley*, 678 F.3d 1185, 1188 (10th Cir. 2012). We will not reverse such a sentence if the record establishes that the sentence is "reasoned and reasonable." *Id.* (quoting *United States v. Contreras-Martinez*, 409 F.3d 1236, 1241 (10th Cir. 2005)) (internal quotation marks omitted). That

standard applies equally to a "sentence in excess of that recommended by the [U.S. Sentencing Guidelines'] Chapter 7 policy statements." *United States v. Steele*, 603 F.3d 803, 807 (10th Cir. 2010) (quoting *United States v. Cordova*, 461 F.3d 1184, 1188 (10th Cir. 2006)) (internal quotation marks omitted). We have explained that "[a] 'reasoned' sentence is one that is 'procedurally reasonable'; and a 'reasonable' sentence is one that is 'substantively reasonable.'" *United States v. Vigil*, 696 F.3d 997, 1001 (10th Cir. 2012) (quoting *United States v. McBride*, 633 F.3d 1229, 1232 (10th Cir. 2011)). Procedural reasonableness "addresses whether the district court incorrectly calculated or failed to calculate the Guidelines sentence, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, relied on clearly erroneous facts, or failed to adequately explain the sentence." *Id.* (citation omitted) (internal quotation marks omitted). "Substantive reasonableness review broadly looks to whether the district court abused its discretion in weighing permissible § 3553(a) factors in light of the totality of the circumstances." *Id.* at 1002 (citation omitted) (internal quotation marks omitted).

## III

Ms. Clapper challenges both the procedural and substantive reasonableness of her sentence. She argues that "the sentence of 24 months, followed by 12 months of supervised release is unsupported by the record and is therefore unreasoned and unreasonable." Aplt. Opening Br. at 9. She "submits that her

track record under supervision did not warrant the lengthy sentence imposed." *Id.* at 10.

With respect to her argument that her sentence was not procedurally reasonable, Ms. Clapper cites 18 U.S.C. § 3582, which provides that "[t]he court, . . . in determining the length of the term [of imprisonment], shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation." *See id.* at 10; *cf. United States v. Mendiola*, 696 F.3d 1033, 1040–42 (10th Cir. 2012) (concluding that it is improper to impose a revocation sentence to promote rehabilitation). However, Ms. Clapper does not expressly argue that the district court improperly imposed a prison sentence in order to promote correction and rehabilitation. Instead, she claims that her sentence "is to[o] stiff a penalty needed to restore her to moral standing within the community and does not make society any safer." Aplt. Opening Br. at 11.

"In imposing a sentence following revocation of supervised release, a district court is required to consider both Chapter 7's policy statements, as well as a number of the factors provided in 18 U.S.C. § 3553(a)." *Cordova*, 461 F.3d at 1188 (citations omitted); *see* 18 U.S.C. § 3583(e). The court need not, however, "consider individually each factor listed in § 3553(a), nor is it required to recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider before issuing a sentence."

*Cordova*, 461 F.3d at 1189 (citation omitted) (internal quotation marks omitted); *see United States v. Kelley*, 359 F.3d 1302, 1305 (10th Cir. 2004) ("[I]t is enough if the district court considers § 3553(a) en masse and states its reasons for imposing a given sentence.").

The district court began its sentencing explanation by noting that under the Guidelines, Ms. Clapper's criminal history category and her Grade C violation resulted in a recommended range of three to nine months' imprisonment. *See* U.S.S.G. § 7B1.4(a). The district court went on to express concern with Ms. Clapper's "pattern of resistance and noncompliance," which it deemed warranted "significant punishment, both from the standpoint of there being a reasonable penalty for not complying with the supervised release process . . . [and] some reasonable prospect . . . of Ms. Clapper not being back" before the court due to the same issues. R., Vol. 3, at 8.

To the extent Ms. Clapper implies that the district court impermissibly imposed the sentence to promote rehabilitation, *see Mendiola*, 696 F.3d at 1040, our review of the record reveals that while the district court alluded to the difficulties of "kicking a drug habit," R., Vol. 3, at 7, the court tied this discussion not to rehabilitation but to Ms. Clapper's potential for recidivism, which is a permissible consideration when imposing a revocation sentence, *see* 18 U.S.C. §§ 3583(e), 3553(a)(2)(B). Although the district court did not expressly cite § 3553, its explanation was sufficiently detailed under our authorities. *Cf.*

*United States v. Trent*, No. 12-6133, 2012 WL 6621467, at \*3 (10th Cir. Dec. 20, 2012) (holding that the district court offered an adequate sentencing explanation where, among other things, the district court noted the defendant's continuing problems with compliance). Accordingly, the sentence imposed was procedurally reasonable.

Ms. Clapper also argues that her sentence was not substantively reasonable, relying on the fact that the recommended Guidelines range was three to nine months' imprisonment. Aplt. Opening Br. at 9. While it is true that a "presumption [of reasonableness] is . . . appropriate in reviewing a revocation-of-supervised-release sentence *within* the range suggested by the Commission's policy statements," *McBride*, 633 F.3d at 1232 (emphasis added), it is also beyond peradventure that a sentence in excess of that range is not per se unreasonable, *see United States v. Tedford*, 405 F.3d 1159, 1161 (10th Cir. 2005) ("[I]mposition of a sentence in excess of that recommended by the Chapter 7 policy statements of the Sentencing Guidelines will be upheld if it can be determined from the record to have been reasoned and reasonable." (quoting *United States v. Tsosie*, 376 F.3d 1210, 1218 (10th Cir. 2004), *abrogated on other grounds by Tapia v. United States*, 131 S. Ct. 2382 (2011)) (internal quotation marks omitted)).

This case is similar to the facts presented in *Vigil*, where we observed that the sentencing court's imposition of a sentence above the recommended Guidelines range was justified by the defendant's "blatant, repeated violations of

the conditions of her probation and supervised release." 696 F.3d at 1002. Similarly, we conclude that it was not unreasonable for the district court here—while considering all of the relevant sentencing factors—to conclude that the sentence that it imposed on Ms. Clapper was appropriate because of the repeated instances in which she failed to comply with the conditions of her supervised release.

## IV

For the foregoing reasons, we **affirm** Ms. Clapper's sentence.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge