FILED
United States Court of Appeals
Tenth Circuit

August 1, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

EDGAR SALINAS-CADENA,

        Defendant - Appellant.

Nos. 17-2169 & 17-2170
(D.C. Nos. 2:17-CR-01614-KG-1
and 2:16-CR-02306-KG-1)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Introduction

Appellant Edgar Salinas-Cadena pleaded guilty to one count of illegally reentering the United States after removal and also admitted to a violation of his supervised release. The district court sentenced him to twenty-four months' imprisonment on the illegal reentry charge. Salinas-Cadena appeals this sentence, arguing it is substantively unreasonable. Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we **affirm** Salinas-Cadena's sentence.

## II. Background

In 2017, Salinas-Cadena was charged in a one-count information with illegally reentering the United States after removal, in violation of 8 U.S.C. § 1326(a), (b). He pleaded guilty to the charge and a Presentence Investigation Report ("PSR") was prepared. The PSR calculated Salinas-Cadena's base level as eight by applying USSG § 2L1.2. It added four levels pursuant to USSG § 2L1.2(b)(a)(D) and four additional levels because Salinas-Cadena had previously been sentenced on an illegal reentry charge. The PSR subtracted three levels for acceptance of responsibility pursuant to USSG § 3E1.1(a) & (b), resulting in a total offense level of thirteen. Salinas-Cadena's criminal history included multiple prior convictions, resulting in a criminal history score of nine which corresponded to a criminal history category of IV. An offense level of thirteen combined with a criminal history category of IV resulted in an advisory guidelines range of twenty-four to thirty months' imprisonment.

Salinas-Cadena did not object to any part of the PSR but, prior to sentencing, he filed a one-page document titled: Notice of Grounds for Variance Request. The request identified the following bases for a variant sentence: "1. Nature and circumstances of the offense; and 2. Need for sentence imposed. 3. Disparty [sic] among sentences." The government filed a written response, noting Salinas-Cadena's illegal reentry into the United States was also a violation of the conditions of a term of supervised release imposed in 2016. As to the nature and circumstances of the offense, the government asserted Salinas-Cadena has illegally reentered the United States four times. It argued his prior removals and violations of his conditions of supervised release showed "a complete disregard for the laws of the United States."

At the beginning of the sentencing hearing, Salinas-Cadena admitted that his reentry into the United States was a violation of the terms of supervised release imposed in a prior matter. He requested a below-guidelines sentence for both convictions, arguing even a twenty-four-month sentence would be significantly longer than any sentence imposed on him in the past. Addressing the court, Salinas-Cadena stated he returned to the United States for financial reasons and to reunite with his wife who was pregnant and ill. The district court imposed a twenty-four-month sentence for the illegal reentry charge, a sentence at the bottom of the advisory guidelines range. The court also imposed an eight-

month sentence for the supervised release violation, with half of the sentence to run consecutive and half to run concurrent.

Salinas-Cadena appeals the twenty-four-month sentence imposed for the illegal reentry conviction, arguing it is substantively unreasonable.

## III. Discussion

This court reviews the substantive reasonableness of Salinas-Cadena's sentence under the abuse-of-discretion standard. *United States v. Steele*, 603 F.3d 803, 809 (10th Cir. 2010). "Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007). As to substantive reasonableness, a sentence within a correctly calculated advisory guidelines range is presumptively reasonable. *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). "The defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *Id.*

Salinas-Cadena argues the district court failed to give sufficient weight to his motivation for illegally reentering the United States. He asserts his sentence is substantively unreasonable because the district court placed undue emphasis on deterrence and discounted the nature and circumstances of the offense. We have read the entirety of the record, including the transcript of the sentencing hearing, and conclude it does not support Salinas-Cadena's argument.

The record confirms that the district court specifically considered Salinas-Cadena's explanation for his illegal reentry and balanced it against the other factors set out in 18 U.S.C. § 3553(a). Before imposing sentence, the district court referenced Salinas-Cadena's prior convictions, including an illegal reentry conviction that occurred just nine months prior. The court then stated: "I did review the Sentencing Guidelines as they apply specifically to you as well as the 3553 factors, considering specifically your wife's health and that drawing you back to the United States to support her and to address her medical needs."

Salinas-Cadena has failed to identify anything in the record undermining the district court's statement that it fully considered his motivation for committing the illegal reentry crime. Thus, there is no support for his assertion that his sentence is substantively unreasonable because the court "unduly" discounted the nature and circumstances of the offense. Nor does the record reveal any abuse of discretion in the district court's decision that Salinas-Cadena's history of lawlessness weighed against a downward variance. *See United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008) (holding this court must give substantial deference to the district court's weighing of the § 3553(a) factors).

## IV. Conclusion

Salinas-Cadena's sentence is **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge