**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 31, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUAN PABLO HERNANDEZ-ROMO,

    Defendant - Appellant.

Nos. 18-2151 & 18-2156
(D.C. Nos. 2:18-CR-01047-LRR-1 and
2:18-CR-00613-LRR-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **PHILLIPS**, and **EID**, Circuit Judges.[**]
_____

Juan Pablo Hernandez-Romo, a Mexican national, pleaded guilty to illegal reentry,

in violation of 8 U.S.C. § 1326(a) and (b), and was sentenced to 51 months'

imprisonment. Because of the reentry offense, he was also sentenced to 18 months'

imprisonment for violating the terms of his supervised release in a separate case. The

district court ordered the sentences to run consecutively. Hernandez-Romo asked his

counsel to appeal. But, finding no non-frivolous bases upon which to do so, his counsel

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

has filed a brief under *Anders v. California,* 386 U.S. 738 (1967). Because we agree with counsel that the record presents no non-frivolous issues, we grant the motion to withdraw and dismiss the appeals.

## BACKGROUND

On January 26, 2018, Hernandez-Romo was detained by Customs and Border Patrol agents near Animas, New Mexico, and admitted being a citizen of Mexico without legal authorization to be in the United States. Before this, Hernandez-Romo had been deported twelve times, between 2004 and 2017. In addition, he has been criminally convicted in federal court on six occasions.[1] Relevant here, in December 2014 Hernandez-Romo was convicted in the District of Arizona of possession with intent to distribute marijuana and sentenced to 37 months' imprisonment, followed by 36 months' supervised release. Because Hernandez-Romo was still on supervised release in the Arizona case when he committed his 2018 reentry offense in New Mexico, the government filed a Petition to Revoke Supervised Release in the Arizona case. The District of Arizona transferred jurisdiction of the revocation petition to the District of New Mexico on April 19, 2018.

---

[1] In 2005, Hernandez-Romo was convicted of entry without inspection and deported. In 2008, he was convicted of improper entry and sentenced to 55 days' imprisonment. In 2010 he was convicted of possession with intent to distribute marijuana and sentenced to six months' imprisonment. In 2012 he was convicted of reentry of a removed alien and sentenced to 18 months' imprisonment, followed by deportation. In early 2014, he was convicted of illegal reentry and sentenced to 180 days' custody, followed by deportation. And finally, in late 2014, Hernandez-Romo was again convicted of possession with intent to distribute marijuana and sentenced to 37 months' imprisonment.

Hernandez-Romo pleaded guilty without a plea agreement to the reentry charge on March 1, 2018. The Presentence Investigation Report (PSR) calculated his base-offense level as 8. The PSR then provided a four-level increase because of his prior reentry conviction and an eight-level increase for having a felony conviction after his first removal. The PSR also included a three-level decrease for his acceptance of responsibility. Therefore, Hernandez-Romo's total offense level was 17. Because of his extensive criminal record, the PSR calculated Hernandez-Romo's criminal history as category VI. Based upon a total offense level of 17 and a criminal history category of VI, the PSR calculated his Guidelines imprisonment range as 51 to 63 months.

The district court held a hearing on the revocation petition and the reentry sentencing at the same time. The government requested a sentence of 51 months, the low end of the advisory Guidelines range, for the reentry offense. For the revocation case, it requested a sentence of 18 months, with nine months to run concurrently with the reentry sentence, for a total imprisonment term of 60 months. In response, defense counsel requested a 51-month sentence for the reentry violation, with the supervised release term to run concurrently with the reentry sentence, for a total sentence of 51 months. Defense counsel noted that a 51-month sentence would be longer than his longest prior sentence of 37 months, and that Hernandez-Romo was eager to return to Mexico to work in the mines of Michoacan and support his family.

After hearing arguments from counsel and inviting Hernandez-Romo to speak (an offer that he declined), the district court stated:

This defendant has been prosecuted for immigration offenses in Criminal Court on four occasions. He has four convictions. He's been deported 12 times beginning in 2004. The last one was in December of 2017[,] and he re-entered the United States within days. He was arrested in this country again on January 26th of 2018. As if that were not enough, he has prior drug felony convictions in this country, one in 2014 and then one, of course, more recently that got him into federal court. The prior sentence of 18 months[,] which is one of the immigration offenses from 2012, did not deter him from re-entering. And I would note that even after [being] prosecuted in Las Cruces in 2012 for re-entry of a removed alien, he got a real break in Tucson and was only charged . . . with illegal entry and given a, what I would call, a very generous sentence. After careful consideration of all the factors at 18 United States Code Section 3553(a) and applying them on the new law violation as well as the supervised release violation, I find the sentence that is sufficient but not greater than necessary to achieve the goals of sentencing is a 51 month sentence on the new law violation . . . and 18 months consecutive on the supervised release violation.

ROA vol. III at 12–13. The court then imposed a 51-month sentence in the reentry case. The court also ordered "an unsupervised term of supervised release of three years," finding it "necessary because this is a recidivist law violator who does not respect the laws of the United States," and because there is a "high risk" that he will "try to come back across the border." *Id*. at 14. For the supervised-release violation in the Arizona case, the court imposed an 18-month sentence to run consecutive to the reentry sentence. Thus, the court sentenced Hernandez-Romo to a total of 69 months, going above the government's recommendation. His counsel raised no objections to the sentence. The court then advised Hernandez-Romo of his right to appeal and asked if Hernandez-Romo had any questions. Hernandez-Romo asked only how much time he had to appeal, which the court answered. After judgment was entered in both cases, Hernandez-Romo informed his counsel that he wished to appeal his sentence.

4

## DISCUSSION

Hernandez-Romo's counsel has filed an *Anders* brief. We have explained the nature of and process to file an *Anders* brief as follows:

> The Supreme Court's decision in *Anders v. California,* 386 U.S. 738 (1967), authorizes counsel to request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous. Under *Anders,* counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The Court must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744).

Here, defense counsel has identified as potentially appealable issues the procedural and substantive reasonableness of the respective sentences, as well as the court's decision to impose them consecutively, instead of concurrently. Hernandez-Romo has not exercised his right to file a response to his counsel's *Anders* brief. After fully examining the record, we agree with defense counsel that Hernandez-Romo has raised no non-frivolous issues on which to appeal.

## I. Hernandez-Romo's sentences were reasonable.

"We review the overall reasonableness of a sentence in two steps." *United States v. Gieswein*, 887 F.3d 1054, 1058 (10th Cir. 2018). "First, we ensure that the district court committed no significant procedural error." *Id.* (internal quotation marks omitted). "Our review of procedural reasonableness focuses on the manner in which the sentence

5

was calculated." *United States v. Sanchez-Leon*, 764 F.3d 1248, 1261 (10th Cir. 2014) (internal quotation marks omitted).[2] "Second, we consider the substantive reasonableness of the sentence." *Gieswein*, 887 F.3d at 1058 (internal quotation marks omitted). "[W]e deem a sentence substantively unreasonable only if it is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Gantt*, 679 F.3d 1240, 1249 (10th Cir. 2012) (internal quotation marks omitted).

A sentence is "presumptively reasonable" when the district court "properly considers the relevant Guidelines range and sentences the defendant within that range." *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). "The defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *Id.* When, as here, the defendant does not raise the reasonableness objection before the sentencing court, we review for plain error. *United States v. Romero*, 491 F.3d 1173, 1176 (10th Cir. 2007). "We find plain error only when there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1178.

---

[2] "Procedural error includes failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Sanchez-Leon*, 764 F.3d at 1261–62 (internal quotation marks omitted). "[T]he sentencing judge should set forth enough to satisfy the appellate court that he or she has considered the parties' arguments and has a reasoned basis for exercising his or her own legal decisionmaking authority." *Id.* (alterations and internal quotation marks omitted).

## A. Hernandez-Romo's reentry sentence was reasonable.

Here, the court sentenced Hernandez-Romo for the reentry offense at the bottom of his correctly-calculated Guidelines range. His sentence is therefore presumptively reasonable, and we have not identified anything to rebut that presumption. *See Kristl*, 437 F.3d at 1054–55. The district court considered both the sentencing factors of 18 U.S.C. § 3553(a) and defense counsel's arguments for a variance, and adequately explained its reasons for its sentence. We thus see no error, much less an error that is plain and affects Hernandez-Romo's substantial rights. *See Romero*, 491 F.3d at 1178–79. Accordingly, Hernandez-Romo's 51-month sentence for the reentry violation was procedurally and substantively reasonable.

## B. Hernandez-Romo's revocation sentence was reasonable.

"When a defendant violates a condition of supervised release, the district court may, as it did here, revoke the term of supervised release and impose prison time." *United States v. Steele*, 603 F.3d 803, 808 (10th Cir. 2010) (citing 18 U.S.C. § 3583(e)(3)). "In imposing a sentence following revocation of supervised release, a district court is required to consider both the policy statements contained in Chapter 7 of the sentencing guidelines, as well as a number of the factors provided in 18 U.S.C. § 3553(a)." *Id.* (alterations and internal quotation marks omitted). Those factors include:

> The nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner; pertinent guidelines; pertinent policy statements; the need to avoid unwanted sentence disparities; and the need to provide restitution.

*Id.* "The sentencing court, however, is not required to consider individually each factor listed in § 3553(a), nor is it required to recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider before issuing a sentence." *Id.*

Here again, the district court's sentence was presumptively reasonable, because it was within the correctly calculated advisory Guidelines range. *See Kristl*, 437 F.3d at 1054–55. Hernandez-Romo's new reentry offense was a Grade B violation. *See* U.S.S.G. § 7B1.1(a)(2) (defining a Grade B violation as "conduct constituting any . . . federal, state, or local offense [not covered by § 7B1.1(a)(1) or (3)] punishable by a term of imprisonment exceeding one year"). And he had previously been in criminal history category V, so the recommended length of imprisonment was 18 to 24 months. *See* U.S.S.G. § 7B1.4(a). The revocation sentence imposed was 18 months, at the bottom of the advisory range, and thus presumptively reasonable. *See Kristl*, 437 F.3d at 1055. And we see nothing in the record that rebuts this presumption. The district court stated it considered the § 3553(a) factors. It further asked the parties if they had any questions regarding the proposed sentence, and neither party did. Therefore, we find no error in the revocation sentence, much less one that is plain and affects Hernandez-Romo's substantial rights. *See Romero*, 491 F.3d at 1178–79.

**II.    The district court did not abuse its discretion in ordering the sentences to run consecutively.**

"Under 18 U.S.C. § 3584(a), a district court has the discretion to impose consecutive or concurrent sentences." *United States v. Rodriguez-Quintanilla*, 442 F.3d

1254, 1256 (10th Cir. 2006). Such discretion is guided by "the characteristics of the offense and the defendant, the need for deterrence and the protection of the public, and, in cases involving a violation of supervised release, 'the applicable guidelines or policy statements issued by the Sentencing Commission.'" *Id.* (quoting 18 U.S.C. § 3553(a)). Here, the district court explained that Hernandez-Romo has been deported twelve times and that Hernandez-Romo apparently does not respect the laws of the United States. The court reasonably concluded that ordering consecutive sentences was necessary to deter Hernandez-Romo from future violations. The court therefore did not abuse its discretion in ordering the 18-month revocation sentence to run consecutively to the 51-month reentry sentence. *See id*.

## CONCLUSION

We agree with defense counsel that the record presents no non-frivolous issues to appeal. Accordingly, consistent with *Anders*, 386 U.S. at 744, we grant defense counsel's motion to withdraw and dismiss these appeals.

Entered for the Court


Gregory A. Phillips
Circuit Judge

9