**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**July 2, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

EDINSON TENORIO-VIAFARA,

    Defendant - Appellant.

No. 24-2003
(D.C. No. 2:23-CR-01565-MIS-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

Edinson Tenorio-Viafara, a citizen of Colombia, illegally reentered the United

States in 2023 while serving a term of supervised release on a prior reentry

conviction. The government filed two separate criminal cases against him, one

charging him with unlawful reentry after removal, and a second charging him with a

supervised release violation in the prior reentry case. After he pleaded guilty to the

reentry charge and admitted the supervised release violation, the district court

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentenced him to consecutive ten-month prison terms.  He now appeals the sentence imposed on the supervised release violation.[1]  Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

## I.     Background

In November 2022, immigration agents learned that Mr. Tenorio was in custody in Florida following an arrest for battery.  He was charged with illegal reentry of a removed alien under 8 U.S.C. § 1326 in the Southern District of Florida.  He was convicted of that charge and sentenced to time-served followed by a two-year term of supervised release.  He was removed from the United States in May 2023.

Three months later, Mr. Tenorio was found in New Mexico without legal authorization and was again charged with reentry of a removed alien, this time in the District of New Mexico.  After the government filed a petition in the Southern District of Florida to revoke his supervised release, the revocation case was transferred to the District of New Mexico.

Mr. Tenorio pleaded guilty to the charge in the reentry case.  The probation department prepared a presentence report (PSR) for that case detailing his criminal history.  The PSR listed his numerous convictions and arrests that did not result in convictions—including the 2022 battery charge and a 2006 aggravated battery charge—and described the facts involved in each case.

---

[1] Mr. Tenorio does not appeal the sentence imposed in the reentry case because he waived his right to do so in his plea agreement.

For the revocation case, the probation department prepared a violations report describing the facts relevant to Mr. Tenorio's illegal reentry and adjustment to supervision, and outlining the relevant sentencing provisions. Other than the prior reentry conviction, the violation report did not discuss his criminal history.

The court held a combined revocation/sentencing hearing for both cases. After Mr. Tenorio admitted the supervised release violation, the court proceeded to sentencing in the reentry case. The court confirmed that he and counsel had "read and discussed" the PSR and asked whether they had any objections to its contents. R., vol. 3 at 8-9. Counsel responded, "No, . . . we do not." *Id.* at 9. During allocution for that case, Mr. Tenorio said "[i]t was not [his] intention to violate the law," *id.* at 10, and when the court responded by listing his convictions and arrests, he minimized his responsibility for some of the convictions and took issue with the PSR's description of the facts underlying the 2022 and 2006 battery arrests. In particular, he said that the 2006 charge was dismissed because the alleged victim "was lying," *id.* at 13, and that the PSR erroneously indicated that the victim of the 2022 battery was his girlfriend when he actually committed the offense "[a]gainst another person," *id.* at 11. The court then stated that as to the reentry case, "the Court adopts the [PSR's] factual findings." *Id.* at 14. Mr. Tenorio did not object. The court then determined the guidelines range was four to ten months and sentenced him to ten months, noting that he "reentered the United States after having been previously removed, subsequent to a felony reentry conviction." *Id.*

3

Next, the court turned to sentencing for the supervised release violation. It adopted the same guidelines range and stated: "As to the supervised release violation . . . [t]he Court finds the defendant did violate conditions of supervision by committing another federal crime; reentry of a removed alien. The Court [has] reviewed the violation report and the relevant [18 U.S.C. §] 3553(a) factors." R., vol. 3 at 15. The court then sentenced Mr. Tenorio to another ten-month term, to be served consecutive to the reentry sentence. The court made no other sentencing findings.

## II.    Discussion

Mr. Tenorio challenges the procedural reasonableness of the sentence imposed for the supervised release violation. Specifically, he argues that in sentencing him for the supervised release violation, the district court procedurally erred by relying on contested facts contained in the PSR from the reentry case.

### A.  Standard of Review

"When a party challenges a sentence for procedural reasonableness, our standard of review is ordinarily abuse of discretion, under which we review de novo the district court's legal conclusions regarding the guidelines and review its factual findings for clear error." *United States v. Gantt*, 679 F.3d 1240, 1246 (10th Cir. 2012). However, the government argues Mr. Tenorio's colloquy with the court about the facts underlying the battery arrests did not preserve the argument he makes on appeal and that we should therefore review only for plain error. We agree.

A defendant "must object to any procedural flaws or receive, on appeal, only plain error review." *United States v. Jackson*, 82 F.4th 943, 949 (10th Cir. 2023) (internal quotation marks omitted). "[A]n objection must be definite enough to indicate to the district court the precise ground for a party's complaint"; "a blanket objection to [a] PSR . . . lacks the specificity required to preserve the precise issue . . . raise[d] on appeal." *United States v. Winder*, 557 F.3d 1129, 1136 (10th Cir. 2009) (internal quotation marks omitted). Likewise, a vague or ambiguous objection is insufficient to preserve an issue. *United States v. Ansberry*, 976 F.3d 1108, 1125 (10th Cir. 2020). "[T]he test is whether the district court was adequately alerted to the issue." *United States v. Harrison*, 743 F.3d 760, 763 (10th Cir. 2014).

Under Federal Rule of Criminal Procedure 32(i)(3), "the district court may rely on facts stated in the presentence report unless the defendant has objected to them." *United States v. McDonald*, 43 F.4th 1090, 1095 (10th Cir. 2022) (internal quotation marks omitted).[2] An objection to a PSR must be made in writing within 14 days after receiving it. Fed. R. Crim. P. 32(f)(1). If the defendant "properly objects to a fact in a PSR," the district court cannot rely on that fact unless the government proves it. *McDonald*, 43 F.4th at 1095. "To invoke the district court's Rule 32 fact-finding obligation, the defendant is required to make specific allegations

---

[2] "[T]he sentencing phase of a revocation hearing is governed by the rule surrounding normal sentencing, Rule 32, not Rule 32.1." *United States v. Ruby*, 706 F.3d 1221, 1226 (10th Cir. 2013).

of factual inaccuracy." *United States v. Chee*, 514 F.3d 1106, 1115 (10th Cir. 2008) (brackets and internal quotation marks omitted).

Mr. Tenorio did not file written objections to the PSR before the hearing, and he did not interject when defense counsel told the court they had no objections to the PSR. Later, during allocution, he challenged the PSR's description of the facts relating to his 2022 and 2006 arrests, but his statements did not rise to the level of a clear objection to the PSR. Here, unlike in *Harrison*, the district court did not respond to Mr. Tenorio's comments as objections to the PSR—it did not, for example, ask him or his attorney to clarify their prior denial of objections or make a ruling regarding his remarks before adopting the PSR's factual findings. *See id.* at 762-63. Moreover, Mr. Tenorio did not object when the court imposed his sentence, and defense counsel did not ask the court to further explain the basis for its sentencing decision. If Mr. Tenorio thought the court considered the reentry PSR in imposing the revocation sentence and thought that doing so was improper, he should have made a specific objection "at a time and in such a way as to afford the [sentencing] judge an opportunity to correct any error, clarify any ambiguity or elaborate as necessary," *United States v. Steele*, 603 F.3d 803, 807 (10th Cir. 2010). Because he did not do so, we review his procedural objection only for plain error. *See United States v. Ruby*, 706 F.3d 1221, 1225 (10th Cir. 2013); *see also United States v. McBride*, 633 F.3d 1229, 1233 (10th Cir. 2011) (reviewing for plain error when the defendant did not contemporaneously object to the district court's consideration of "allegations that had neither been stipulated to, nor proven by the

presentation of evidence" at the revocation hearing (internal quotation marks omitted)).

### B. Analysis

At the outset, we note that Mr. Tenorio insists he preserved his argument for appeal and has not argued in the alternative for plain error review. Accordingly, we could deem his argument waived and decline to review it at all. *See United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019). Nevertheless, we elect not to rest our decision on waiver and instead review for plain error. *See United States v. Walker*, 918 F.3d 1134, 1153 (10th Cir. 2019) (noting that "whether issues should be deemed waived is a matter of discretion").

"Under plain error review, the defendant must demonstrate (1) there is error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Ruby*, 706 F.3d at 1226. For our proposes, the first step of the plain-error analysis comprises two sequential inquiries—determining whether the district court relied on disputed facts from the reentry PSR in imposing Mr. Tenorio's revocation sentence, and if it did, then determining whether doing so was error.

Mr. Tenorio argues that "[b]y stating it adopted the PSR's findings and considered the relevant § 3553 factors, the court signaled that it relied on the statements in the PSR about [his] criminal history." Aplt. Opening Br. at 13. He also insists that the court's "questioning of [him] on his criminal history and arrests demonstrated that the court determined that these matters were salient and shows it

7

relied on them for his sentence." *Id.* at 14. But the colloquy between the court and Mr. Tenorio about his criminal history occurred in the context of sentencing on the reentry case, not the revocation case. And in any event, nothing in the court's explanation for the revocation sentence suggested it relied on his criminal history, much less the facts underlying the two battery arrests. Rather, the court's comments indicate that it based the revocation sentence on Mr. Tenorio having violated the conditions of his prior reentry sentence by committing yet another reentry offense. It was appropriate for the district court to focus on this breach of trust and the underlying crime. *See United States v. Contreras–Martinez*, 409 F.3d 1236, 1241 (10th Cir. 2005) ("The violation of a condition of supervised release is a breach of trust and, while the sentencing court at revocation takes into account the seriousness of the underlying crime, it is primarily the breach of trust that is sanctioned."); *see also* U.S. Sent'g  Comm'n, Guidelines Manual (U.S.S.G.) Ch.7, Pt. A, intro. comment 3(b) (Nov. 2023) (stating that revocation sentences "should sanction *primarily* the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation").

Mr. Tenorio may be right that the court's statement that it considered the relevant § 3553 factors suggests it considered his criminal history. *See United States v. Nunez-Carranza*, 83 F.4th 1213, 1222-23 (10th Cir. 2023) (concluding, in context of challenge to adequacy of court's explanation for unlawful-reentry sentence, that court likely considered defendant's criminal history based on the discussion at the sentencing hearing and the court's statement that it considered the § 3553 factors and

the PSR).  And it would have been entirely appropriate for the district court to do so. *See* 18 U.S.C. § 3553(a)(1) (listing "the history and characteristics of the defendant" as a factor to be considered in imposing sentence); U.S.S.G. Ch. 7, Pt. A, intro. comment 3(b) (including criminal history as appropriate secondary factor to be considered).  But the court's comments do not suggest it considered the disputed facts underlying his battery arrests in imposing his sentence, and we will not infer that it did.[3]

Because we determine that Mr. Tenorio has not shown the district court considered those facts at all, he cannot show the court procedurally erred by doing so. His argument thus fails at the first step of plain-error review, and we need not analyze the remaining elements.  *See Gantt*, 679 F.3d at 1246 ("Because all four [plain error] requirements must be met, the failure of any one will foreclose relief and the others need not be addressed.").  We note, however, that because the record does not establish the district court considered the disputed facts, Mr. Tenorio would be hard-pressed to show that any error in doing so was clear or obvious.  *See United States v. Robertson*, 946 F.3d 1168, 1173 (10th Cir. 2020) ("Given the ambiguity in the court's statements, if there was error, it was not clear or obvious and would not

---

[3] Mr. Tenorio does not argue the district court procedurally erred by failing to adequately explain the basis for the sentence.  *See United States v. Sanchez-Leon*, 764 F.3d 1248, 1261 (10th Cir. 2014) (recognizing that procedural error includes "failing to adequately explain the chosen sentence" (internal quotation marks omitted)).  He has thus waived any argument he may have had regarding the adequacy of the district court's explanation for the sentence.  *See Walker*, 918 F.3d at 1151 (failure to raise issue in opening brief results in waiver).

satisfy the second element of the plain error test." (internal quotation marks omitted)); *United States v. Fonseca*, 744 F.3d 674, 684 (10th Cir. 2014) (concluding that ambiguity in district court's ruling was not "plainly or obviously improper").

### III.    Conclusion

We affirm Mr. Tenorio's sentence.  We grant his unopposed motion to supplement the record with the PSR in the reentry case.

Entered for the Court


Carolyn B. McHugh
Circuit Judge